ABRAHAM GAMMELL, plaintiff in error, *vs.* WILLIAM E. PARRAMORE, defendant in error.

1. Where, in the assignment of an order for the payment of money, the assignor agreed, if it was not paid within a definite time by the party to whom it was addressed, that he would pay the amount expressed upon its face; to entitle the assignee to recover, it was not necessary to show notice to the assignor of the non-payment at the time specified.

2. Evidence of a decrease in the market value of the order between the time specified for its payment and the time the assignor was notified of its non-payment, was properly excluded.

3. The assignee was entitled to recover interest from the time specified for the payment of the order.

Contracts.    Guaranty.    Notice.    Evidence.    Interest.
Before Judge CRAWFORD.    Muscogee Superior Court.    May Term, 1876.

Reported in the decision.

PEABODY & BRANNON, for plaintiff in error.

JOHNSON & INGRAM, for defendant.

WARNER, Chief Justice.

The plaintiff sued the defendant on the following written instruments, which were set forth in his declaration, to-wit:

"STATE OF ALABAMA, Russell county:

"Commissioner's Court, February term, 1871. Treasurer of said county: Pay Horace King or bearer, seven hundred and fifty dollars for building bridge—one of those orders for twenty-five hundred dollars—out of any money in the treasury not otherwise appropriated.

　　(Signed)　　　　　　　　　　　T. L. APPLEBY,
　　　　　　　　　　　　　　　　Judge of Probate."

"COLUMBUS, GA., March 20th, 1872.

"This is to certify that I have this day sold to W. E. Parramore, an order issued by T. L. Appleby, Probate Judge of Russell county, Alabama, for seven hundred and fifty dollars, dated February term, 1871, payable to Horace King or bearer, and registered No. 157, February 14th, 1871. And I hereby obligate myself, if said order is not paid within eighteen months from this date, to pay the face of said order to W. E. Parramore or bearer.

(Signed)                                                    A. GAMMELL."

The jury, on the trial of the case, under the charge of the court, found a verdict in favor of the plaintiff for the sum of $750.00, with interest from the 20th of September, 1873.

During the progress of the trial, the plaintiff proved that there had been no money in the treasury of Russell county subject to the payment of said order, from the time of its sale until the time of the trial. The defendant offered to prove by one Martin certain facts, as disclosed by the following questions propounded to him: "What was the market value of said order on the 20th of March, 1872?" "What was such value eighteen months after the 20th of March, 1872?" "What was its value on the 19th of October, 1875?" "What is its value now?" the counsel for the defendant stating to the court that the object of the proposed testimony was to show that since the expiration of the eighteen months after the 20th of March, 1872, and before notice was given to defendant of the non-payment of said order, that its value had greatly depreciated. The plaintiff objected to the questions propounded to the witness, the court sustained the objection, and the defendant excepted.

The defendant testified as a witness in the case, that he was never notified of the non-payment of the order within the eighteen months after its sale; supposed it had been paid until a few days before the commencement of plaintiff's suit, which was on the 19th of October, 1875.

The court charged the jury, in substance, that it was not the duty of the plaintiff to have notified the defendant of the non-payment of the order at the expiration of the eighteen months, to entitle him to recover, and that the

plaintiff was entitled to interest upon the amount of the face of the order, from the day of the expiration of eighteen months after the sale thereof; to which charge the defendant excepted.

1. 2. There was no error in the charge of the court, that the defendant was not entitled to notice of the non-payment of the order— *Wright vs. Shorter,* 56*th  Ga.  Rep.* 72—and that being so, the court did not err in sustaining the objections to the questions propounded to the witness, Martin. The evidence is that the order was not paid within eighteen months from the 20th of March, 1872, the date thereof, and that there had been no money in the treasury of Russell county subject to the payment of said order, from the time of its sale to plaintiff until the time of trial.

3. This was a liquidated demand to the extent of the face of the order, which the defendant promised to pay, and it became due and payable, according to its legal effect, eighteen months from the date thereof, and the plaintiff was entitled to interest thereon from that date. Code §2056.

There was no error in the charge of the court as to the question of interest.

Let the judgment of the court below be affirmed.