Rogers *et al. v.* Burr, administratrix.

1. Where one was induced to subscribe and pay for certain shares of stock in an incorporated company, upon the faith of a written agreement signed by others who thereby guaranteed to such subscriber the payment of certain dividends upon the stock for a period of three years; and also therein agreed that if, at the expiration of said three years, the subscriber did not desire to carry the stock any longer, they would, upon thirty days notice from him, pay to him the par value of the stock for which he had subscribed, *Held*: (1) That it was not incumbent on the subscriber to make his election as to keeping the stock, and to give the notice stipulated for in the contract immediately upon the expiration of the three years; but that he could do so within a reasonable time thereafter. (2) That the failure of the subscriber to give the guarantors notice that he had received no dividends upon the stock was not fatal to his right of action, under the contract, for the recovery of the same.

2. Under the construction of the contract as above announced, the plaintiff's declaration, as amended, set forth a cause of action, and there was no error in overruling the demurrer to the same.

October 5, 1895. Brought forward from the last term. Simmons, C. J., being disqualified, Judge Janes, of the Tallapoosa circuit, was designated to preside.

Action on contract. Before Judge Hunt. Pike superior court. March term, 1894.

Mrs. M. E. Burr, administratrix of the estate of H. R. Chambers, brought suit against J. J. Rogers and a number of others, upon the following contract: "Georgia, Pike County. The undersigned parties, recognizing the importance to our town and community of a speedy and successful completion of the subscription to the capital stock of the Barnesville Manufacturing Company, and it being known to us that there is a balance of about five thousand dollars of said capital stock untaken and unsubscribed for, and having confidence in the success and profits of the enterprise, it is therefore agreed by us, that for the purpose of inducing any one or more persons to subscribe for said untaken balance or any part thereof, we will guarantee to them the payment of an annual dividend on the amount of their stock equal to eight per cent. per annum on the money paid into said company on said stock. This agreement and guarantee for the payment of eight per cent., as aforesaid, is to run for the space of three years from the first day of December, 1889; and if at the expiration of said three years the stockholders or holders of said stock desire and wish not to carry the same any longer, we hereby further agree, with thirty days notice from any or all of them, to pay each holder par value or fifty dollars for each share of stock held by them, their heirs or assigns. And if said amount of par value is not paid promptly, we hereby consent that the agreement and guarantee to pay eight per cent. dividend, above set forth, shall continue of force until the same is fully paid up. Witness our hands and seals, this the 27th day of April, 1889." This was signed by the defendants, after which signatures appeared the following: "We the subscribers consent and agree to take the amounts of stock in the Barnesville Manufacturing Company, opposite our names below, respectively, upon the terms and conditions set forth in the above agreement." This was signed by J. J. Rogers and twenty-one others, including "R. J. Powell, adm'r H. R. Chambers, 60 shares, $3,000."

Plaintiff alleged: The defendants are indebted to her $3,000 principal, besides interest from April 27, 1889. After the expiration of three years from December 1, 1889, she demanded payment of both principal and interest, of the parties to the contract, and payment was refused. In pursuance of the proposition made by the defendants, as set out in the contract, R. J. Powell, former administrator of H. R. Chambers deceased, agreed to take 60 shares of stock of the Barnesville Manufacturing Company, paying therefor $3,000, and did so take said stock on the representations and guarantee of all of defendants, and all of defendants had notice that he subscribed for the stock on said representations, and the manufacturing company received the $3,000 and issued the 60 shares to him, which fact was known to all of defendants, and they approved and indorsed the same. Plaintiff now has said stock and has been ready to turn it over to defendants upon their paying the principal and interest due on the same, in accordance with the terms of the contract sued on; and has the stock now in court to tender to defendants whenever they comply with their contract; and she asks the court to decree a surrender and transfer of the 60 shares to defendants when they shall pay the amount due her. R. J. Powell, former administrator, and petitioner, have received no dividend on the stock from the manufacturing company since the same was taken. All of the defendants knew, at the time plaintiff accepted the proposition of defendants on their said contract, that Powell, administrator, did accept the same on April 27, 1889, and all of defendants had full knowledge of plaintiff's acceptance on or about the same time they signed the contract. Powell died before the expiration of said three years, and plaintiff was appointed administratrix *de bonis non,* and as soon as she knew or ascertained the terms of the contract, and as soon as she had the opportunity, she made the demand of all of defendants. All of the defendants were stockholders in the manufacturing company, interested

in its erection, and have sustained no loss by reason of the delay of the demand so made, and said demand was made by plaintiff in a reasonable time after the time fixed, if any is fixed, in the contract.

Defendants demurred on the following grounds: (1) No cause of action is set out. (2) Plaintiff cannot recover interest or dividends (if entitled to recover) except from December 1, 1889. (3) Plaintiff gave defendants no notice of the fact that she had subscribed for stock on the faith of the alleged agreement. (4) She does not allege that she notified them, at the expiration of three years from December 1, 1889, that she did not wish any longer to carry the stock. (5) If she has any right to recover, it is for the specific performance of the contract, and then only upon the showing that she has complied strictly with its terms. (6) She does not offer to comply with the contract by offering to surrender and transfer the stock to defendants. (7) She does not allege that she notified defendants of the nonpayment of dividends and demanded payment thereof from defendants. (8) She does not allege that the manufacturing company failed to pay dividends or that she has sought to collect them from said company.

The demurrer was overruled, and defendants excepted.

*J. S. Boynton*, for plaintiffs in error.
*J. F. Redding*, contra.

JANES, Judge.

1. The official report sets out fully the declaration as amended, the demurrer, and the contract sued on. This contract, on the faith of which the administrator of Chambers subscribed for sixty shares of stock in the Barnesville Manufacturing Company, stipulates that if, *at* the expiration of three years from December 1st, 1889, the subscriber desires no longer to carry the stock, the plaintiffs in error will, "with thirty days notice," pay such subscriber par value for the same. This provision gave to the subscriber the right,

at the expiration of three years from the time stated, to elect whether he would keep the stock, or turn it over to plaintiffs in error, and require them to pay him therefor its par value. He had no right to make this election before the expiration of the time. The time for such election expired at midnight on November 30th, 1892, and it could not have been made until the full expiration of the time. The position that the election ought to have been made on the last moment of the last day is too absurd to seriously consider. It follows that the time for the exercise of the right was after the expiration of the three years. The word "*at*" in this contract is equivalent in meaning to "*after.*" It was held in Annon *v.* Baker, 49th N. H. 169, cited in American and English Encyclopædia of Law, vol. 1, first edition, page 893, note, that, "At the end of one year," means "at the expiration of one full and entire year," and that "at" is equivalent in meaning to "after." If the word "after" is substituted for "at" in the contract under review, there can be no doubt about the correctness of the construction given to it in the head-note. As the election could be made after the expiration of the time limited, of course a reasonable time was allowable for this purpose.

2. Plaintiffs in error in their contract guarantee the payment of an annual dividend, equal to eight per cent. per annum from December 1st, 1889, on the money paid into the company on the stock. It is alleged in the declaration that no dividends have been received, but there is no allegation that any rotice was ever given to plaintiffs in error of the failure by the company to pay such dividends. They contend that such notice was necessary in order to make them liable on their guaranty. The guaranty is absolute and unconditional, and there is no stipulation whatever in the contract requiring the subscribers for the stock to notify the guarantor of the company's failure to pay dividends. It was the duty of the plaintiffs in error to know of the default of the company, and information could have been

easily obtained by inquiry of the company or of defendant in error.    In the case of an absolute guaranty, no condition being annexed to the contract, no condition is implied by law requiring notice to the guarantor of the default of the principal.    Having guaranteed unconditionally the performance of a contract by a third person, the guarantor must at his peril see that the contract is performed.    The authorities on this question in other States are numerous and somewhat conflicting.    See Heyman v. Dooley, Lawyers Reports Annotated, Book 20, page 257.    But be this as it may, the rule above enunciated is sustained by the decisions of this court in *Wright* v. *Shorter*, 56 *Ga.* 72; *Gammell* v. *Paramore*, 58 *Ga.* 54.

3. The defects in the declaration pointed out by the demurrer are cured by the amendments; and the declaration as amended contains a good cause of action.    There was no error in overruling the demurrer.    *Judgment affirmed.*