## The Central Guarantee Company, Appellant, v. Fourth and Central Trust Company, Appellee.

## Gen. No. 31,491.

1. CONTRACTS—*when offer unilateral and revocable.* The offer of a bank to pay $200 a year for five years for the purchase of a yearly bank directory, in return for which promise the publisher made no agreement to perform, is a unilateral offer and not a contract and hence the bank had the right to revoke at any time before the publisher should agree to perform, become bound by part performance, or actually perform.

2. CONTRACTS—*when mailing of letter accepting offer does not establish contract.* The mailing of a letter accepting an offer does not make the offer a contract without evidence that the letter was received or brought to the attention of the offerer.

3. EVIDENCE—*necessity of foundation for admission of copy of letter.* An alleged copy of a letter should not be allowed to be introduced without proper foundation laid for such secondary evidence.

4. CONTRACTS—*when acceptance by letter of offer insufficient to establish contract.* The record failing to show that the offerer had indicated that the acceptance of his offer could be made by letter, such an acceptance does not make the offer a contract.

5. TIME—*when contract subject to cancellation "at end of first year" may be canceled during second year.* A contract for five years' subscription to a directory, stating it was subject to cancellation at the end of the first year, may be legally canceled some three months beyond the end of the first year by at the same time paying for the second year's directory thus barring the offeree of any equitable claim to continue the contract because of the expense of the second year's directory.

6. TIME—*when word "at," fixing time, may mean "after."* Except for a promise to do a thing at a definite date, the word "at," as in fixing a time for canceling a contract, may mean "after," if this meaning makes no difference to the other party because of the reasonable time taken.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. HOWARD W. HAYES, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1926. Affirmed. Opinion filed March 14, 1927.

Moss & KING, for appellant; BERTRAM H. MONTGOMERY, of counsel.

KIRKLAND, PATTERSON & FLEMING, for appellee; ALLAN W. COOK, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is an appeal by plaintiff from an adverse judgment entered upon a verdict directed by the trial court.

Plaintiff sought to recover $600 with interest, said to be the balance due on an alleged contract in writing under which defendant agreed to pay plaintiff $200 a year for five years for an annual bank directory. The writing is as follows:

"Central Guarantee Company
Fifth Avenue Building New York City, N. Y.

City of Cincinnati, O. 1919
Sept. 15/19

Please send to our address for 5 years
The Merchants' Bank Directory

for which we will pay the sum of $200.00 Dollars per year on receipt of the first copy following date of contract, and annually thereafter.

The Central Trust Company,
Cincinnati, Ohio.
Name H. P. Colville,
Address.......... V. P..........
Subscription commences Jan. 1/1920
Subscripti ends Jan. 1/1925

Central Guarantee Co. v. Fourth & Central Trust Co., 244 Ill. App. 61.

Including name of bank in
Merchants Bank Directory,
names of officers, capital,
surplus and undivided profits
and deposits.  This bank to have
sole representation in this city
in Merchants Bank Directory
Subject to cancellation at end of 1st year
T. Starr.''
On January 3, 1920, a copy of the directory was sent
to the defendant and $200 was paid by it to plaintiff.
January 7, 1921, a copy for the year 1921 was sent to
defendant, and on March 3, 1921, it inclosed its check
for $200, with a letter to plaintiff as follows:
''Gentlemen:—

''We are herewith enclosing you our check for $200
being in payment of the Merchants Bank Directory
from January 1st, 1921, to January 1st, 1922.

''We now desire to inform you that we wish to cancel
this contract, as we find that this service is of no use
to us whatever.

''Very truly yours,
''H. P. Colville,
''Vice President.''

Plaintiff claims it is entitled to $200 for each of the
years 1922, 1923 and 1924.

Defendant argues that the writing is a unilateral
contract, void for want of mutuality, and says that
this was the view of the trial court, which directed a
verdict for defendant.  In *Alexander Hamilton In-
stitute v. Jones*, 234 Ill. App. 444, we had occasion to
consider a somewhat similar contract and held that it
was unilateral; that it contained an offer by the de-
fendant to make periodical payments and that plain-
tiff had not undertaken nor promised to do anything.
We held that in writings of this sort the offeree (plain-
tiff) may be bound in either of three ways—(1) by the
offeree engaging, in a reasonable time, to perform the

contract; (2) by beginning such performance in a way which would bind him to complete it; and (3) by actual performance. We approved of what was said in Williston on Contracts, vol. I, p. 100, § 60, as follows: "After the offeree has begun to perform under such an offer he may unquestionably stop performance half-way if he concludes that after all he does not care to enter into the contract, and if the offerer also may not revoke at that time he is bound by a promise for which he has not received, and may never receive, the consideration requested, since the whole transaction is still optional with the offeree."

This is squarely applicable to the writing before us. The only undertaking and promise is made by the defendant. There is no obligation to perform on the part of plaintiff.

A witness for plaintiff testified that she mailed a letter to the defendant, dated September 18, 1919, which referred to the alleged contract and contained the words, "We hereby accept and thank you for same." There was no evidence that this letter was received by or brought to the attention of the defendant. Objection to an alleged copy of this letter was overruled. No proper foundation was laid for the introduction of such secondary evidence. Furthermore, Williston on Contracts, p. 146, § 83, states that a contract may be completed by mailing a letter of acceptance when the offerer has authorized or indicated that acceptance may be made in this way. The record before us is entirely silent on this point.

Plaintiff insists, however, that a letter of acceptance is not necessary to bind the parties, but in view of what we have said, we conclude that, in the absence of some of the legal modes of acceptance on the part of the offeree, the writing is merely a unilateral offer by the defendant.

We also are of the opinion that, even considered as a bilateral contract, the defendant properly exercised

its option to cancel it. It is subject to "cancellation at end of 1st year." The subscription commenced January 1, 1920. On March 3, 1821, defendant wrote plaintiff canceling it, and inclosing $200 in payment for the directory for the year 1921. In *Farmers' & Mechanics' Nat. Bank v. Central Guaranty Co.* (Tex. Civ. App.), ·241 S. W. 600, in construing a like contract it was held that the cancellation must be made on or before the last day of the term, but the court had in mind that the directory for that year was already "off the press, completely bound and ready for distribution," and apparently was of the opinion that it would be a hardship, after the plaintiff in that case had completed the volume, to permit the defendant to cancel the contract after the period of limitation had passed. That feature is not in the present case.

The phrase "at the end of" or "at the expiration of" does not always necessarily imply that action must take place on the day of expiration in order to be a literal compliance with the contract. The word "at" is not invariably used to denote a fixed and definite time. It sometimes may be used to mean "about" or "after." *Magoffin v. Holt,* 1 Duv. (62 Ky.) 95. In *Rogers v. Burr,* 97 Ga. 10, it was held that the phrase "at the expiration of three years," when a subscriber to stock should elect whether he would keep it, was equivalent to meaning "after," and that the subscriber was not required to give the notice immediately on the expiration of the three years, but could do so within a reasonable time thereafter. In *Davidson v. Crump Mfg. Co.,* 99 Mich. 501, the words "at the end of this term" were construed to give a reasonable time after the expiration of the term. In *Annan v. Baker,* 49 N. H. 161, the words "at the end of one year" were construed as meaning "after" the expiration of the year.

When one undertakes to pay a note or do a certain thing "at" a certain definite date, the word undoubtedly means on the date named and not after-

wards; but in the present circumstances where it made no difference to plaintiff whether defendant exercised the right of cancellation on or before December 31, 1920, or in March, 1921, we hold the cancellation to be within the provisions of the contract. We would have a different question to determine had plaintiff not received payment for the directory for 1921.

The record justifies the peremptory instruction to the jury, and the judgment is affirmed.

*Affirmed.*

MATCHETT and JOHNSTON, JJ., concur.