31108. THE TEXAS COMPANY *v.* BLACKMON-SCARBROUGH INC.

DECIDED JUNE 27, 1946. REHEARING DENIED JULY 24, 30, 1946.

*John M. Slalon, John G. Cozart,* for plaintiff.

*Swift, Pease, Davidson, Swinson & Chapman, Ed Wohlwender, Tom B. Slade,* for defendant.

BROYLES, C. J. The Texas Company (hereinafter referred to as "lessee") filed, against Blackmon-Scarbrough Inc. (hereinafter called "lessor"), a petition for a declaratory judgment construing a lease or rental contract under which the defendant, as lessor, had leased to The Texas Company, as lessee, a service station in Columbus, Georgia. The subject of the controversy between the parties is the construction of paragraph 2 of the lease contract, which reads as follows: "(2) Term. To have and to hold for the term of ten years from and after the first day of May, 1940, but subject to termination by lessee or lessor at the end of the fifth year upon ninety-days' written notice from lessee to lessor or from lessor to lessee; provided that, if either party exercises such right of termination, the party so doing shall pay to the other party the sum of $1500 prior to the termination date."

The lessee contends that the wording, "but subject to termination at the end of the fifth year by lessee or lessor upon ninety days written notice," means that the notice must have been given at least ninety days *prior* to the end of the fifth year in order to be effective. The evidence shows that the end of the fifth year of the lease was May 1, 1945, and that on April 25, 1945, the lessor wrote a letter to the lessee and stated therein, "We are hereby giving you 90 days written notice from May 1, 1945, and exercising our right to terminate this lease. Cashier's check for $1500 is enclosed herewith." The case was tried by the judge, without the intervention of a jury, and he held that the evidence disclosed that the lease contract was prepared by the lessee; and that ruling was not excepted to.

The lessor contends that paragraph 2 of the contract, properly construed, means that the notice could be given at the end of the fifth year of the lease or within a reasonable time thereafter. The lessor further contends that said paragraph of the lease contract is ambiguous and, since it was prepared by the lessee, it should be construed most strongly against that party. However, the lessee contends that the contract is not ambiguous, but, on the contrary,

"that the plain, simple, natural construction of the contract required the lessor to give ninety days notice *prior* to the first day of May, 1945."

The court, after the introduction of evidence, held that under the proper construction of paragraph 2 of the contract, the lessor was not required to give the notice ninety days prior to May 1, 1945, but could give it at the end of the fifth year or within a reasonable time thereafter.

Both parties state that the controlling question before this court is whether the trial judge's construction of the lease contract was error. Did he properly construe the words, "at the end of the fifth year," as meaning "at or within a reasonable time after the end of the fifth year?" To be more precise, could the word "at," as so used, be properly construed as meaning "after?" "The word 'at' is a term of considerable elasticity of meaning, and is somewhat indefinite. It is not a word of precise and accurate meaning, and it has been said that the connection furnishes the best definition. As used to fix a time, it does not necessarily mean eo instanti, or the identical time named, or even a fixed, definite moment. 5 C. J. 1422, 1423." *Barnett* v. *Strain,* 151 *Ga.* 553, 557 (107 S. E. 530). "The word *'at'* in this contract is equivalent in meaning to *'after.'* It was held, in Annan *v.* Baker, 49 N. H. 169, cited in American and English Encyclopedia of Law, vol. 1 (1st ed.) p. 893, note, that 'At the end of one year,' means 'at the expiration of one full and entire year,' and that 'at' is equivalent in meaning to 'after.' If the word 'after' is substituted for 'at' in the contract under review, there can be no doubt about the correctness of the construction given to it in the headnote. As the election could be made after the expiration of the time limited, of course a reasonable time was allowable for this purpose." *Rogers* v. *Burr,* 97 *Ga.* 10, 14 (25 S. E. 339). While the facts in the *Rogers* case are not on "all fours" with those of the instant one, we see no material variance between them, and the decision there made is controlling here, since it has never been overruled.

It is true that counsel for the lessee have cited authorities holding that "at" means a precise date and should not be construed as meaning "after." The difference between authorities on this question tends to show that the contract in this case was ambiguous, and in our opinion it was ambiguous. That being true, the court

properly construed the contract most strongly against the lessee, which prepared it. In deciding this question, we have carefully considered all the separate parts of the contract, the contract as a whole, the probable intention of the parties when they made the contract, and the various sections of our Code declaring the rules governing the construction of contracts.

In our opinion, the judgment of the court as amended, in favor of the lessor, was not error for any reason assigned.

*Judgment affirmed. Gardner, J., concurs; Sutton, P. J., concurs in the judgment; Felton, J., concurs specially; and MacIntyre and Parker, JJ., dissent.*

FELTON, J., concurring specially. I concur in the judgment and what is stated in the opinion with the exception of the statement that the court properly construed the contract most strongly against the party which prepared it. There is no rational basis, in my opinion, for such a statement. Both parties to the contract had the same privilege so far as cancellation is concerned, and the fact that the lessor elected to cancel did not and could not determine the meaning of the contract. The contract means one thing in any and all events, not one thing if the lessor elects to cancel and another if the lessee elects to cancel. In my judgment, the soundest basis for the ruling is that each party intended the most liberal interpretation of the contract in his own favor so far as cancellation is concerned. The rule of construction of a contract against the one preparing it means that, if there is a construction which is against the party preparing in any and all circumstances, it is considered as being against him. The rule does not mean that a contract shall be construed more than one way but against the party preparing it according as the facts of a particular case make a particular interpretation contrary to the interests of the party preparing it. Where both parties to a contract have the same rights under it, it cannot be construed in favor of or against either. The contract here means the same thing whichever party elects to rescind or cancel.

MACINTYRE, J., dissenting. The subject of the controversy here is whether, under the provisions of a 10-year lease contract, the lessor was required to give 90-days' notice before May 1, 1945, in order to terminate the contract on that date. The lease was to run for 10 years unless one or the other of the parties terminated

it under paragraph 2 of the lease contract, which is as follows: "(2) Term. To have and to hold for the term of ten years from and after the first day of May, 1940, but subject to termination by lessee or lessor at the end of the fifth year upon ninety-days' written notice from lessee to lessor or from lessor to lessee; provided that, if either party exercises such right of termination, the party so doing shall pay to the other party the sum of $1500 prior to the termination date."

To terminate means to end. The only way it could be ended under such a provision, prior to the 10 years nominated in the lease, was for the specified 90 days to have been given, otherwise the lease would run beyond May 1, 1945, the end of the fifth year. This lease could only be terminated under such provisions, prior to the 10-year period, on one date, May 1, 1945, which was the end of the fifth year, and then only "upon ninety days written notice" having been given. I think that the plain meaning is that 90-days' written notice must have been given 90 days prior to May 1, 1945, otherwise the lessor would have failed to exercise his option to terminate the lease at the end of the 5-year period, and the lease would run for the full term of 10 years—not having been terminated in accordance with the provisions of the lease. Under the majority opinion, if the notice was given on April 25, 1945, only 5 days before May 1, 1945, the lease could be terminated after May 1, 1945, which is the end of the 5-year period, when, on the contrary, the lease states that it could be terminated "at the end of the fifth year upon ninety-days' written notice." If 90-days' written notice was necessary to terminate the lease on May 1, 1945, then it necessarily follows that 90-days' written notice was necessary before May 1, 1945. The lease contemplates that, if the lessee or tenant wished to terminate the lease on May 1, 1945, the landlord or lessor should be given 90-days' written notice in order to obtain another tenant; that, if the lessor or landlord wished to terminate the lease on May 1, 1945, under the provisions in question, the lessee or tenant should be given 90-days' written notice to find another place of business. Under this construction, the lease is plain and definite as to the date of notice and the date of the termination of the lease under the provisions in question. On the contrary, I think that the construction of the majority is a strained one and did construe the lease, which is definite as to dates of notice

and termination under such provisions, so as to confuse these dates and make them indefinite and uncertain, and to create ambiguities and confusion where there should be none. Thus, in my opinion, the trial judge erred in holding that the 90-days' notice prior to May 1, 1945, was not necessary to terminate the lease on May 1, 1945, under the provisions in question. I am authorized to state that Parker, J., concurs in this dissent.