## 52011. INTERSTATE NORTH ASSOCIATES et al. v. HENSLEY-SCHMIDT, INC.

WEBB, Judge.

Interstate North leased certain office space designated as Suite 220 to Hensley-Schmidt. The lease agreement provided for a term of seven years from December 28, 1970, to December 27, 1977 and contained

the following in Paragraph 43: "Lessee may cancel this Agreement in its entirety at the end of three (3) years by giving Lessor 180 days prior written notice and paying, in cash, the remaining unamortized cost for construction and other improvements to the leased premises occupied by Lessee. In the event Lessee elects to cancel this Lease Agreement under the terms previously mentioned, Lessee shall pay, in cash, the unamortized balance based on an original cost of $10,373.72, which is to be reduced 1/7 annually, over a seven (7) year lease term."

By letter dated March 6, 1975, Hensley-Schmidt gave six months notice that it was terminating the lease for Suite 220, together with two other leases about which there is no controversy. Interstate North rejected the cancellation and on August 27 Hensley-Schmidt filed a complaint seeking a declaratory judgment as to its rights and obligations under the leases. Although there were motions for summary judgment and other motions, both parties consented for the case to be heard only on the declaratory judgment issue.

It was stipulated in open court, according to the final order, "That the sole issue in the case with regard to Suite 220 was the Court's construction of the Lease Agreement and particularly paragraph 43 thereof, with regard to determining whether or not the lease, as construed, would permit cancellation during the last four years of the seven year term or not."

The case was heard without a jury and the court, after making findings of fact and considering the stipulations, pleadings and other pertinent matters, construed the language of the lease agreement to mean that the lessee could cancel the lease by paying (or tendering with refusal) the portion of the costs remaining unamortized and giving notice during the fourth through the seventh years of the seven-year lease. The court held that the lease for Suite 220 had been validly canceled and that the lease agreement thereupon became null and void. Interstate North appeals therefrom, reciting 14 enumerations of error.

1. Several enumerations complain that the court order erroneously states that certain facts included therein had been stipulated by the parties. We consider

these enumerations to be without merit.

Section 52 (b) of the Civil Practice Act (Code Ann. § 81A-152(b)) provides for amendment of the findings or terms of a judgment when a party disagrees with them, and Interstate North filed such a motion to amend. However no objection was raised in that motion as to the stipulations contained in the order. On the contrary, the motion repeated the most significant stipulations found therein.

If different findings of fact were desired they should have been requested in the motion that was made, as authorized by Code Ann. § 81A-152 (b). Otherwise, "like the findings of a jury, or of the Workmen's Compensation Board, they are binding on appeal and unless wholly unsupported or clearly erroneous will not afford a basis for reversal." *Spivey v. Mayson,* 124 Ga. App. 775, 777 (186 SE2d 154); Code Ann. § 81A-152 (a). Unless altered by a subsequent order of the court, a stipulation by the parties upon which a resolution of the issue is to be made is binding even though it may in some manner contradict or conflict with the pleadings. "Evidence contrary to the stipulation is not admissible; since it is binding, it may not be disproved." *Goolsby v. Allstate Ins. Co.,* 130 Ga. App. 881, 882 (1) (204 SE2d 789) and cits.

2. Enumerations based upon the premise that the court erred in granting summary judgment in Hensley-Schmidt's favor since jury questions were presented cannot be sustained. The order appealed from was a declaratory judgment based, after stipulation by the parties, upon the lease agreement as to Suite 220. "Construction of ambiguous contracts is the duty of the court, and no jury question is raised unless after application of the pertinent rules of construction the ambiguity remains. [Cit.] 'It does not follow that merely because there are two possible interpretations which might be employed in construing a contract the matter automatically becomes a question for the jury. If that were true the court would rarely, if ever, construe a contract as Code § 20-701 declares its duty to be. The role and function of a court is higher than that of a mere referee.' *Farm Supply Co. of Albany v. Cook,* 116 Ga. App. 814 (1), 816 (159 SE2d 128)." *Erquitt v. Solomon,* 135 Ga. App. 502,

503 (218 SE2d 172).

3. The enumerations regarding the trial court's construction of the lease agreement are likewise not meritorious.

In applying the rules of construction of contracts to Paragraph 43, the trial court considered the language "at the end of three years," and in particular, the word "at." The court did not interpret "at" to mean "any time after" as argued by Interstate North. Relying upon *Texas Co. v. Blackmon-Scarbrough,* 74 Ga. App. 183 (38 SE2d 890), it construed "at" to mean "after the end of three years" in view of the language providing for cash payment of the remaining unamortized costs of construction and other improvements. The court below reasoned that "If the parties meant other than to provide the method of cancellation during the last four years then they would have specified a specific dollar amount for payment upon the cancellation 'at the end of the three years' and would not have set forth a formula for arriving at the amount to be paid during the fourth, fifth, sixth and seventh years (or the unamortized costs at the rate 'of 1/7 annually') for cancellation of the lease agreement." We agree.

In the *Texas Co.* case the lease was subject to termination "at the end of the fifth year upon ninety days' written notice." 74 Ga. App. 184. While holding that the word "at" was equivalent to "after" in that contract the court also ruled that since there was no time for cancellation specified beyond the five-year period the measure was "reasonable time." In the instant case, Paragraph 43 expressly determines the time of cancellation after the three-year period. See *Evans v. Brown,* 196 Ga. 634, 638 (27 SE2d 300).

There being no default or breach of the lease contract, there could be no "forfeiture," so the failure to apply the rule of construction that forfeitures are looked upon with disfavor and applied strictly against the party invoking them was not in error. The exercise of a right under a contract does not constitute a "forfeiture."

Nor does Paragraph 43 conflict with Section 27 of the lease agreement, which recites that "Time is of the essence . . ." Even if we viewed these provisions as conflicting, which we do not, Paragraph 43 is typewritten

while Section 27 is a part of the printed form. Therefore the former would prevail. Code § 20-704 (7).

The court also properly refused to consider Interstate North's deposition evidence as to circumstances surrounding the execution of the lease and the intention of the parties, since there was no ambiguity remaining to explain. *R. S. Helms, Inc. v. GST Development Co.,* 135 Ga. App. 845, 847 (219 SE2d 458) and cits.

Having correctly construed the lease agreement to mean that Hensley-Schmidt could terminate the lease for Suite 220 by giving notice and paying or tendering with refusal the portion of the costs remaining unamortized, and the time for cancellation being calculable, the trial court did not erroneously sanction the premature vacating of the premises. The lease was canceled and thereafter was null and void. We find no errors for any reason assigned.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

ARGUED APRIL 12, 1976 — DECIDED APRIL 28, 1976.

*Troutman, Sanders, Lockerman & Ashmore, John J. Dalton, Kirk W. Watkins,* for appellants.

*Bentley & Schindelar, Fred D. Bentley, Sr.,* for appellee.