NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

CROWN ATLANTIC COMPANY, LLC,
a Delaware limited liability company,
*Plaintiff/Appellant*,

v.

AP WIRELESS INVESTMENTS I, LLC,
a Delaware limited liability company,
*Defendant/Appellee*.

No. 1 CA-CV 14-0159
FILED 3-10-2015

---

Appeal from the Superior Court in Maricopa County
No.   CV2013-003332
The Honorable Katherine M. Cooper, Judge

**AFFIRMED**

---

COUNSEL

Lake & Cobb, PLC, Tempe
By R. Kris Bailey, Kiel S. Berry
*Counsel for Plaintiff/Appellant*

Stinson Leonard Street, LLP, Phoenix
By Craig A. Morgan, Sharon Ng
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**O R O Z C O**, Judge:

¶1 This appeal reviews a judgment on the pleadings in favor AP Wireless Investments I, LLC (AP Wireless), resolving Crown Atlantic Company LLC's (Crown) breach of contract and tortious interference claims against AP Wireless. Because judgment on the pleadings was proper, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 Crown is the lessee successor-in-interest to a lease for a mobile telephone communications facility. The lease, signed in May 1985, provided for a term of twenty years. The lease also provided that the lessee could exercise "an option for an additional five (5) year lease term to be acted upon prior to the completion of the original stated lease term." This provision was later amended to grant the lessee "two additional consecutive five (5) year terms in addition to the existing five (5) year option to renew as stated in [the original lease], for a total of fifteen (15) years." Another provision in the lease granted the lessee "the first right of refusal on any lease term at the completion of the original stated lease term[.]" In 2005, Crown exercised the first five-year option to extend the lease and the second option in 2010.

¶3 In 2012, AP Wireless purchased the lease from the lessor. AP Wireless and the lessor also agreed to a successor lease that would make AP Wireless the property's tenant "commencing upon the expiration or termination of the Lease [to Crown]."

¶4 In April 2013, Crown filed an action in the trial court claiming that AP Wireless breached the lease and alleging tortious interference with contract, claiming the right of first refusal provision in the original lease obligated the lessor to first offer the successor lease to Crown.

¶5 AP Wireless answered and moved for judgment on the pleadings. The trial court awarded judgment on the pleadings in AP Wireless's favor and held that the lease's plain language shows the right of

first refusal expired when the "original stated lease term" ended in 2005. This timely appeal followed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1. and -2101.A.1. (West 2015).[1]

**DISCUSSION**

**¶6**        Crown contends that judgment on the pleadings was improper because the lease is "reasonably susceptible to multiple interpretations." "A motion for judgment on the pleadings . . . tests the sufficiency of the complaint, and judgment should be entered for the defendant if the complaint fails to state a claim for relief." *Giles v. Hill Lewis Marce*, 195 Ariz. 358, 359, ¶ 2, 988 P.2d 143, 144 (App. 1999). We view the complaint's well-pled factual allegations as true and review de novo the trial court's legal rulings. *Mobile Cmty. Council for Progress, Inc. v. Brock*, 211 Ariz. 196, 198, ¶ 5, 119 P.3d 463, 465 (App. 2005). Issues of contract interpretation are legal questions subject to de novo review. *ELM Retirement Ctr., LP v. Callaway*, 226 Ariz. 287, 290, ¶ 15, 246 P.3d 938, 941 (App. 2010).

**¶7**        When interpreting contracts, we look "to the plain meaning of the words as viewed in the context of the contract as a whole." *United Cal. Bank v. Prudential Ins. Co. of Am.*, 140 Ariz. 238, 259, 681 P.2d 390, 411 (App. 1983). Here, the trial court correctly observed that the lease's plain language is unambiguous. The lease established two distinct periods of time: (1) the "original stated lease term" of twenty years and (2) the "additional" five-year option terms. The lessee's right of first refusal is made available "at the completion of the *original* stated lease term." (Emphasis added.) Although the lease was amended to grant additional five-year option terms, the amendments do not state or suggest that the additional option terms were considered part of the original lease term. Likewise, the lease itself does not state or suggest that the period of the lease extended by any exercise of one or more five-year option terms should be considered part of the original lease term. As a result, the trial court correctly concluded that the lease established a one-time right of refusal to be exercised before or when the original stated lease term expired.

**¶8**        Crown's argument that the trial court erred in interpreting the contract hinges on establishing that the word "at" in the phrase "at the completion of the original lease term" *could* mean "after." Crown further

---

[1]        We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

argues that this could mean the right of first refusal "commenced at the end of the initial lease term and could be exercised thereafter." But the trial court correctly rejected this argument because, to the extent the meaning of "at" is established in Arizona law, no interpretation of the word has resulted in "at" meaning "after." *See Ring v. Taylor*, 141 Ariz. 56, 69, 685 P.2d 121, 134 (App. 1984) (superseded by statute) (interpreting "at the time alleged" and "at that time" to mean "the time of the alleged offense"); *Blount v. Indus. Comm'n.*, 19 Ariz. App. 245, 247, 506 P.2d 285, 287 (App. 1973) (interpreting "at the time of the subsequent injury" to mean "the time the subsequent injury was received").

**¶9**        Crown argues that *Ring* and *Blount* do not apply because they are contextually inapposite. But they, along with several of cases Crown cites from other jurisdictions, collectively show the importance of Arizona's interpretive rule that courts must look "to the plain meaning of the words as viewed in the context of the contract as a whole." *United Cal. Bank*, 140 Ariz. at 259, 681 P.2d at 411; *see also Tex. Co. v. Blackmon-Scarbrough, Inc.*, 38 S.E.2d 890, 891 (Ga. Ct. App. 1946) ("The word 'at' *in this contract*, is equivalent in meaning to 'after'") (emphasis added); *Cent. Guarantee Co. v. Fourth & Cent. Trust Co.*, 244 Ill.App. 61, 65-66 (Ill. App. Ct. 1927) (observing the word "at" means doing a certain thing on the date named "and not afterwards" but holding that the particular contract in question allowed for cancellation after a certain date). In other words, even if "at" does not necessarily mean a fixed point in time, using the word does not automatically make a contract ambiguous; rather, it means we must examine how the word fits contextually into the entire contract. Ultimately, Crown's position that "at" could mean "after" would render meaningless the unambiguous distinction between the "original stated lease term" and the additional option terms. "It is a cardinal rule of contract interpretation that we do not construe one term of a contract to essentially render meaningless another term." *Aztar Corp. v. U.S. Fire Ins. Co.*, 223 Ariz. 463, 478, ¶ 56, 224 P.3d 960, 975 (App. 2010).

**¶10**        Crown's argument that the lease is susceptible to multiple interpretations presupposes that ambiguity is established merely by suggesting a possible alternative reading. But having failed to establish that "at" could reasonably mean "after" in this lease, Crown has offered no evidence that calls the lease's plain meaning into question. As established in Arizona law, a contract's susceptibility to multiple interpretations is both a question of law and contingent on offering extrinsic evidence that calls a contract's plain meaning into question. *See Taylor v. State Farm Mut. Auto. Ins. Co.*, 175 Ariz. 148, 158-59, 854 P.2d 1134, 1144-45 (1993); *State v. Mabery Ranch, Co., L.L.C.*, 216 Ariz. 233, 241, ¶ 28, 165 P.3d 211, 219 (App. 2007).

¶11 Here, no extrinsic evidence was offered for the trial court to consider. Crown has made no argument that discoverable extrinsic evidence exists or that, given the opportunity, discovery would produce extrinsic evidence supporting their proffered interpretation of the lease. Had Crown provided some indication that, given opportunity for discovery it could produce evidence supporting its interpretation of the lease, granting judgment on the pleadings might have been premature. But without even a suggestion that such evidence exists or how it might be discovered, merely providing the court with a possible alternative reading of the contract is not extrinsic evidence as contemplated by *Taylor*.

¶12 The trial court correctly determined the contract's plain meaning, and Crown has not established the lease is susceptible to multiple reasonable interpretations. Judgment on the pleadings in AP Wireless's favor was therefore proper.

## CONCLUSION

¶13 We affirm the judgment in favor of AP Wireless. As the prevailing party and upon compliance with ARCAP 21, AP Wireless is entitled to its costs and reasonable attorney fees pursuant to A.R.S. §§ 12-341 and -341.01 (West 2015).



Ruth A. Willingham · Clerk of the Court
FILED: ama