Edward J. STACHON, Plaintiff,

v.

Orville HOXIE and Haviland Products Company, a Michigan Corporation, Defendants.

Civ. A. No. 3531.

United States District Court
W. D. Michigan, S. D.

Dec. 31, 1960.

Livingston, McDonald & Anderson and Roger D. Anderson, Grand Rapids, Mich., and Baskin & Server, Chicago, Ill., for plaintiff.

Mitts, Smith, Haughey & Packard, and Clifford A. Mitts and F. William McKee, Grand Rapids, Mich., for defendants.

STARR, Chief Judge.

On May 18, 1960, the defendants filed objections to the taxing of court costs in plaintiff's favor. They base their objections to the plaintiff's bill of costs on the grounds: (1) That he recovered a verdict of less than $10,000; (2) that the court has not entered an order authorizing him to tax costs against the defendants; and (3) that the expense of taking the deposition of Dr. Mulder and the expense for a map and for photographs are not properly taxable as costs.

The court will first consider the question of whether the plaintiff should be permitted to tax any court costs against the defendants in this action. Title 28 U.S.C. § 1332(b) as amended in 1958 provides:

"Except when express provision therefor is otherwise made in a statute of the United States, where the

plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $10,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court *may* deny costs to the plaintiff and, in addition, may impose costs on the plaintiff."

In the report of the Senate Committee on the Judiciary, 2 U.S. Code Congressional and Administrative News, 1958, p. 3099, it is stated:

"Subsection (b), like subsection (b) of section 1 of this bill (§ 1331 [b]) is also a provision aimed at deterring the filing of inflated claims made in order to bring the actions in the district courts. It, too, provides that where a plaintiff is finally adjudged to be entitled to less than $10,000, computed without regard to any setoff or counterclaim, the district court *may* either deny costs to the plaintiff or impose costs on the plaintiff."

The report further states at page 3103:

"To make the $10,000 limitation a forceful one and to prevent inflated claims, the House Judiciary Committee has inserted a subsection permitting the trial judge to either withhold costs and/or impose costs on the plaintiff if the plaintiff fails to obtain a judgment for at least the jurisdictional amount. This provision will apply only to amounts determined by a verdict or a final judgment decided by the court; not to compromise agreements. *In deciding whether to deny costs and/or impose costs on the plaintiff, the court will undoubtedly take into consideration whether the amount claimed was made in good faith or whether it was made simply to get into Federal court.* It will also take into consideration the fact, if it be a fact, that the plaintiff's net recovery has been reduced by setoff or counterclaim, the validity of which the plaintiff contested in good faith."

An evaluation of the objective manifestations of the legislative intent at the time the statute was enacted clearly indicates that the plaintiff's right to tax costs should depend upon his good faith in claiming more than the jurisdictional amount provided in the statute. Although no decision interpreting this statute has been cited, the court concludes that § 1332(b) was intended to be applied only in cases where the plaintiff has obviously acted in bad faith in claiming over $10,000 in order to bring the action in a Federal court. The overall purpose of the 1958 amendment to § 1332 was to limit the number of diversity suits which would be begun in the Federal courts, but there is no indication in the legislative history that it was intended as a whip to be used vindictively upon those who fail to recover the jurisdictional amount. Rather, it appears that the proper interpretation of § 1332(b) would make it inapplicable to those cases where the plaintiff in good faith made a claim for more than $10,000.

In his complaint in the present action the plaintiff claimed damages in the amount of $25,000 but obtained a jury verdict for only $8,000. However, from the evidence presented it appears that the plaintiff at the time he began the action could reasonably have expected to recover a verdict for the jurisdictional amount of more than $10,000. There is no showing whatever from which it could be concluded that the plaintiff acted in bad faith in claiming an amount in excess of the jurisdictional requirement. The court is convinced that the plaintiff's claim for damages was made in good faith and not merely to give a Federal court jurisdiction. The court accordingly concludes that plaintiff is entitled to tax his proper court costs against the defendants.

The court will next consider the defendants' objection to plaintiff's taxing costs for the deposition of Dr. Mulder and for a map and photographs. Rule

54(d) of the Federal Rules of Civil Procedure, 28 U.S.C., provides:

"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs * * *. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

With reference to the taxing of the cost of depositions, Moore's Federal Practice, 2d ed., ¶ 54.77[4], p. 1359 et seq., states:

"The Rules are silent on the subject of taxing deposition expenses as costs; and the federal statutes are not too helpful. 28 U.S.C. §§ 1923 and 1920, which are framed in permissive terms, give the district court discretion to tax a nominal attorney's docket fee of $2.50 for each deposition admitted in evidence. And § 1920 also contains other provisions of some relevance. But the power to tax certain deposition expenses as costs can probably be better supported as necessarily flowing from the authorization of the Federal Rules to take depositions extensively and to use them in a more limited manner. At any rate the *power* to tax as costs certain of the expenses of taking depositions is well settled, if the taking of the depositions was reasonably necessary, even though they may not have been used at the trial; but as with costs generally, the taxing of the prevailing-party's deposition costs in his favor is a matter committed to the sound discretion of the trial court, which may deny some or all of such costs as the circumstances of the case warrant. The trial court's exercise of discretion will normally not be interfered with by an appellate court.

"Part or all of a deposition, depending somewhat upon its use, is certainly reasonably necessary for use in the case where it is read into evidence in connection with some material matter; and may properly be treated as reasonably necessary, although not read into evidence, when it serves a real value in connection with cross-examination, but not when its use is rather trivial. * * *

"But just as investigation expenses are not chargeable as costs, deposition expenses may not properly be taxed as costs where the depositions serve essentially that purpose or a kindred purpose of thorough preparation, creditable as that objective may be.

"Assuming that the costs of a particular deposition are taxable, the following expenses in connection with its taking have been considered as taxable costs: a reasonable fee of the officer before whom the deposition is taken; notarial certificate and postage, if the deposition is mailed; the reasonable stenographic expense in taking and transcribing the deposition, but generally the cost of a copy may not be; the fees and mileage allowances of witnesses; and, in a proper case, an interpreter's fees."

Title 28 U.S.C. § 1920, provides as follows:

"A judge or clerk of any court of the United States may tax as costs the following:

"(1) Fees of the clerk and marshal;

"(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

"(3) Fees and disbursements for printing and witnesses;

"(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

"(5) Docket fees under section 1923 of this title.

"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

In Manley v. Canterbury Corporation, D.C., 17 F.R.D. 234, 236, the court said:

"Distinction is clearly drawn in the authorities between stenographic cost of depositions used for discovery purposes merely, on the one hand, and such cost where incurred for use at the trial, on the other. In the former case and where the deposition is not subsequently used at the trial, the stenographic cost of the deposition is generally, but not always, disallowed in the costs of the case. Burnham Chemical Co. v. Borax Consolidated, D.C., 7 F.R.D. 341; Hansen v. Bradley, D.C., 114 F.Supp. 382.

"Where, however, as in this case, the depositions were not for discovery purposes but were introduced as evidence in the case in some material aspect, there seems no reason why the cost of such evidence may not be allowed. See generally 6 Moore's Federal Practice 54.77, page 1361."

In Cooke v. Universal Pictures Company, D.C., 135 F.Supp. 480, at pages 480, 481, the court stated as follows:

"The statute provides that '[a] judge or clerk of any court of the United States may tax as costs the * * * [f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case * * *.' 28 U.S.C. § 1920 (1952 ed.). Transcripts of depositions are considered part of the 'stenographic transcript' for the purposes of this provision. See Perlman v. Feldmann, D.C.D.Conn.1953, 116 F.Supp. 102, 109–112, reversed on other grounds, 2 Cir., 219 F.2d 173, certiorari denied 349 U.S. 952, 75 S.Ct. 880 [99 L.Ed. 1277]. Thus the question to be determined is whether the transcripts of depositions and the transcript of the trial proceedings were 'necessarily obtained for use in the case.' "

See also Bank of America v. Loew's International Corporation, D.C., 163 F. Supp. 924, 930, 931; Hope Basket Co. v. Product Advancement Corp., D.C., 104 F.Supp. 444, 449, 450.

██ In the present case the deposition of Dr. Mulder was taken by the plaintiff and was read in evidence during the course of the trial. Dr. Mulder was not present during the trial, but the testimony in his deposition related to the physical condition of the plaintiff, which was a material issue in the litigation. From consideration of the use made of Dr. Mulder's deposition and consideration of the foregoing authorities, the court concludes that his deposition was obtained for use in the trial of the case and that the cost of obtaining the deposition may properly be taxed against the defendants.

The defendants have also objected to the plaintiff's taxing costs for a certain map and photographs. In 6 Moore's Federal Practice, 2d ed., ¶ 54.77[6], p. 1370, it is stated:

"The reasonable expense of preparing maps, charts, graphs, photographs, motion pictures, photostats and kindred materials are taxable as costs under § 1920(4) when necessarily obtained for use in the case."

It is clear that the test for taxing the cost of items such as maps and photographs is substantially the same as that for taxing the cost of depositions; that is, were the maps and photographs necessary for use in the trial of the case? If so, their cost is properly taxable. See Banks v. Chicago Mill & Lumber Co., D.C., 106 F.Supp. 234, 236; Hope Basket Co. v. Product Advancement Corp., D.C., 104 F.Supp. 444, 450; Kenyon v. Automatic Instrument Co., D.C., 10 F.R.D. 248, 253, 254.

██ In the trial of the present case the map and photographs in question were introduced as evidence of the facts and circumstances involved in the automobile accident in which the plaintiff was injured. The court accordingly concludes that the expense of obtaining the map

and photographs may properly be taxed as costs by the plaintiff.

On May 18, 1960, the defendants also filed a motion in pursuance of 28 U.S.C. § 1332(b) hereinbefore quoted, that they be granted the right to tax costs against the plaintiff in this action. Having hereinbefore held that under the evidence presented the plaintiff could reasonably have expected to recover a verdict for the jurisdictional amount of more than $10,000, and there being no showing from which it could be concluded that the plaintiff acted in bad faith in claiming an amount in excess of the jurisdictional requirement, the court concludes that the defendant is not entitled to tax costs against the plaintiff in this action.

An order will accordingly be entered overruling the defendants' objections to plaintiff's taxation of costs and denying the defendants' motion for taxation of costs in their favor. The clerk of the court shall tax the plaintiff's costs in accordance with this opinion.