## 54754. BAGWELL et al. v. SPORTSMAN CAMPING CENTERS OF AMERICA, INC.

SMITH, Judge.

This case involving appellee's suit on an $8,000 note is before us for the third time. See *Bagwell v. Sportsman Camping Centers,* 130 Ga. App. 888 (204 SE2d 794) (1974); *Sportsman Camping Centers v. Bagwell,* 140 Ga. App. 312 (231 SE2d 118) (1976). Appellants contend the trial court erred in admitting into evidence a letter purporting to constitute notice under Code § 20-506. Appellants also contend the court erred in entering judgment in compliance with appellee's request that $332.73 be subtracted from the $10,917 verdict rendered in appellee's favor. We affirm.

On March 31, 1977, after the note's maturity and during the pendency of the third trial on this matter, appellee sent to appellants' attorney a letter in which notice was given to appellants "pursuant to Ga. Code Ann. § 20-506, that the provisions of the note relative to the payment of attorneys' fees, in addition to the principal and interest, shall be enforced. Your clients have ten (10) days from the receipt of this letter to pay the total outstanding amount owing without attorneys' fees . . . This letter is directed to you as the attorney of record for Mr. Bagwell, Sr. and Mr. Bagwell, Jr. [appellants]. If you contend for any reason that this letter directed to you does not constitute effective notice under Ga. Code Ann. § 20-506, please advise me promptly by return mail and authorize me to communicate directly with your clients." By letter dated April 1, 1977, appellants' attorney stated his opinion that the March 31 letter did not constitute notice, but he did not authorize appellee's attorney to communicate directly with appellants. On April 13, 1977, the jury, after having been instructed not to consider the matter of attorney fees, returned a verdict for appellee in the amount of $10,917, $332.73 in excess of the proof, which showed appellants owed $7,467.83 principal and $3,116.44 interest. On April 20, 1977, the court entered a judgment for appellee in the amount of $11,667.70. The discrepancy between the amounts of judgment and verdict is due to the facts that appellee voluntarily "wrote

off" the excess sum of $332.73 and the court awarded appellee $1,083.43 in attorney fees.

1. Appellants contend the court erroneously admitted the March 31 letter as evidence that appellee mailed the requisite notice of intent to claim attorney fees. Code § 20-506 (c) . We disagree. "Previous decisions of this court have made it clear that notice may be given any time between maturity of the obligation and ten days prior to judgment . . . [Code § 20-506] contains no requirement that the notice be communicated by any specific means other than that it be in writing. A 1968 amendment added a provision providing that refusal to accept notice shall be the *equivalent of* such notice. Ga. L. 1968, p. 317. This amendment was obviously an effort to limit the ability of a debtor to thwart by avoidance a creditor's attempt to enforce his lawful remedies." *New House Products, Inc. v. Commercial Plastics &c. Corp.*, 141 Ga. App. 199, 200 (233 SE2d 45) (1977). (Emphasis supplied.) In *New House Products,* this court found to be in compliance with Code § 20-506(c) the pleading alleging that notice "has been given" and "is thereby given." Id. In reaching our decision, we consider as directives the policy evoked in *New House Products* and the ethical rule providing: "During the course of his representation of a client a lawyer shall not communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so." Part IV of Rules and Regulations for Organization and Government of State Bar of Georgia, DR 7-104. Appellants' attorney declined to authorize appellee's attorney to communicate with appellants, whom appellee's attorney knew to be represented by counsel in a suit which has seen two trials and two appeals. Appellants must be deemed bound by the otherwise proper notice given their legal representative, the "equivalent of" notice to them. *New House Products,* supra, p. 200. Therefore, the court was correct to admit the March 31 letter as evidence.

2. Appellants contend the trial court erred in entering a judgment in which $332.73 was deducted from

the jury award. We find no harmful error in this procedure. The jury in this case interrupted its deliberations to return to the courtroom and question the court about the computation of interest due on the note. Obviously, the jury remained confused as to the way to compute interest, as it returned a verdict awarding appellee an amount of interest $332.73 in excess of the amount warranted by the proof; the appellee voluntarily wrote off this determined excess. The jury clearly found appellants liable on the note, and appellants will not be heard to complain of the judgment awarding an amount less than the jury declared they owed. Code § 110-112; *Atlas Assur. Co. v. Williams,* 31 Ga. App.536 (2) (121 SE 135) (1923); *Mayor &c. of Brunswick v. Tucker,* 103 Ga. 233, 235 (29 SE 701) (1897).

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED OCTOBER 31, 1977 — DECIDED JANUARY 5, 1978.

*Dewberry & Avery, C. Richard Avery, E. Dale Dewberry,* for appellants.

*Cofer, Beauchamp & Hawes, Charles H. Ivey, Peyton S. Hawes, Jr., Robert S. Jones, Hinkle & Bianco, James A. Hinkle,* for appellee.