57512. CARTER et al. v. REESE.

DEEN, Chief Judge.

1. "In an action for damages for personal injuries, as a general rule, the amount of damages is a question for the jury. But if the evidence authorizes a recovery by the plaintiff, and the verdict finding in favor of the plaintiff's right to recover fixes such a small amount of damages as will justify the inference of gross mistake or undue bias, a new trial should be granted." *Anglin v. City of Columbus,* 128 Ga. 469 (1) (57 SE 780) (1907). In the *Anglin* case a verdict of $100 for the plaintiff was set aside. In *Brewer v. Gittings,* 102 Ga. App. 367 (1) (116 SE2d 500) (1960), a $10 verdict in favor of the plaintiff was set aside as inadequate although there existed a jury issue as to the contributory negligence of the plaintiff. In *McLendon v. Floyd,* 59 Ga. App. 506 (1 SE2d 466) (1939) (a case where the plaintiff's verdict came to less than the plaintiff's special damages and loss of wages), it was held that whenever a verdict is

grossly excessive or inadequate the trial court should not allow it to stand "no matter how many new trials it may be obliged to grant." In *Atlanta & W. P. R. Co. v. Gilbert,* 82 Ga. App. 244 (60 SE2d 787) (1950), an $11,000 verdict of which over $8,500 must be allocated to pain and suffering was held not excessive. But, to grant a new trial at the appellate level it must appear that the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias.

2. In the present case, the 14-year-old plaintiff was standing in the doorway of the garage when the defendant turned his car into the drive, almost stopped, then suddenly roared ahead, hit a motorcycle, pushed it onto the plaintiff and then pushed both to the back of the garage where it came to rest after damaging a wall and a freezer. The plaintiff was momentarily knocked unconscious, and eventually crawled out from under the car, but not before he sustained serious burns from the motor exhaust which scarred his back and shoulder. Both lower bones of the left leg were broken: a comminuted fracture of the tibia and a single fracture of the fibula. A wrist bone was dislocated. There was some injury to the left knee.

The plaintiff was taken to a hospital where the fractures were reduced under general anesthetic and a cast applied. He remained in the hospital two days. The cast was painful and stayed in place from September 9 until October 13, but he continued to be on crutches until November 28. Meanwhile, the wrist laceration resulted in pain on use and therefore by the time the bone dislocation was discovered on November 29, he was in considerable pain and muscle retrogression from loss of use. The wrist seemed to have returned to normal by the following March. All during this period, he suffered considerable pain in his left hip. At the trial in August, 1978, he testified that he still had difficulty on occasion with stiffness and a limp in his left leg, while his doctor testified that although the wrist showed healing with no present loss of use it could easily trigger a state of traumatic arthritis in the future.

In view of the severity and duration of the injuries the verdict in favor of the plaintiff for $100 in today's

inflationary market, no contributory negligence being involved and the defendant's negligence being obvious and even gross, we find this verdict grossly inadequate.

*Judgment reversed. The case is remanded for a trial on the issue of damages only to the minor plaintiff. McMurray, P. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED APRIL 3, 1979— DECIDED JUNE 5, 1979 — REHEARING DENIED JUNE 28, 1979.

*Myers, Parks & Fennessy, Michael A. Fennessy,* for appellants.

*Smith & Jones, Henry O. Jones, III,* for appellee.