510 F.Supp. 578 (1981)
George STURMON, d/b/a Sturmon & Associates, Plaintiff,
v.
JETCO, INC., Defendant.
No. 79-1475C(4).
United States District Court, E. D. Missouri, E. D.
February 26, 1981.
*579 Frank A. Conard, St. Charles, Mo., for plaintiff.
Charles E. Merrill, St. Louis, Mo., for defendant.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court for a decision on the merits following a one-day bench trial held on December 22, 1980. Plaintiff brings this diversity action seeking to recover sales commissions allegedly due under a manufacturer's representative contract. Defendant asserts a counterclaim for damages alleged arising from plaintiff's failure to file call reports, as required by the contract.
Having considered the pleadings, trial testimony and exhibits, stipulations of the parties, briefs and applicable law, and being otherwise fully advised in the premises, the Court hereby makes and enters the following findings of fact and conclusions of law.

Findings of Fact
1. George Sturmon is an individual conducting business as a sole proprietorship under the name of Sturmon & Associates [Sturmon], with its principal place of business in St. Charles County, Missouri.
2. Jetco, Inc. [Jetco] is an Arizona corporation, with its principal place of business in Phoenix, Arizona.
3. On or about March 3, 1979, Sturmon and Jetco entered into a standard manufacturer's representative agreement. The agreement provided that Sturmon would serve as Jetco's exclusive sales agent in sixteen states. Sturmon was to expend approximately one-sixth of its sales effort presenting Jetco products to potential customers. Further, Sturmon was to file call reports with Jetco reflecting sales calls made by Sturmon.
4. Sturmon's primary role was to introduce Jetco products to potential customers. The customer could then either place an order through Sturmon or order directly from Jetco.
5. The contract further provided that Sturmon and Associates will be paid commissions on all orders from his territory accepted by Jetco prior to effective termination date, even though such orders may be shipped after effective termination date. Commissions on such shipments will be paid promptly after Jetco receives payment for such shipment.
6. Jetco provided Sturmon with monthly commission statements reflecting commissions earned within the territory serviced by Sturmon.
7. Jetco notified Sturmon of termination of the contract on July 6, 1979. The effective termination date of the contract was August 6, 1979.
*580 8. Sturmon brings this action seeking to recover commissions allegedly due on orders accepted by Jetco prior to the effective termination date of the contract.
The Court finds that at the time of contract termination, Jetco was in arrears in commission payments to Sturmon in the amount of $4,455.17. The Court further finds that $1,696.44 is owed to Sturmon by Jetco for commissions earned, as reflected in the July, 1979, statement prepared by Jetco. An additional $302.60 is owed to Sturmon by Jetco for commissions earned, as reflected in the August, 1979, commission statement prepared by Jetco. The Court further finds that an additional $2,000.00 is owed to Sturmon by Jetco arising from orders placed to J. I. Case, which were accepted by Jetco prior to the effective termination date of the contract. Therefore, the Court concludes that the sum of $8,454.21 is due and owing to Sturmon from Jetco in commissions on orders accepted by Jetco prior to the effective termination date of the contract.
9. Sturmon also seeks recovery of $15,000.00 in commissions arising from a 1979 blanket order allegedly placed by International Harvester. The Court concludes, however, that there was insufficient evidence of the scope of this order, and the time of its acceptance by Jetco to warrant recovery of the commissions sought.
10. Jetco seeks recovery of damages from Sturmon, arising from Sturmon's failure to file call reports, as required under the contract. Jetco did not indicate that filing call reports was essential to the agreement either during the course of the contract negotiations or in the contract. Nor did Jetco indicate what effect, if any, Sturmon's failure to file call reports would have on Sturmon's right to receive commissions.
The Court concludes that the fundamental purpose of the contract was to provide sales representation. Sturmon's failure to file call reports was not a material breach of the contract.

Conclusions of Law
1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).
2. The Court finds that Sturmon substantially performed all of its material obligations under the manufacturer's representative contract which was in effect between the parties between March 3, 1979, and August 6, 1979. Boehm v. Kindle, 395 S.W.2d 284, 287 (Mo.App.1965). Therefore, Sturmon is entitled to recover commissions due under the terms of the contract.
3. The Court further finds that the terms of the contract and the conduct of the parties indicate that the fundamental purpose of the contract was to provide sales representation for Jetco. Therefore, Sturmon's failure to file call reports was not a material breach of the contract.
4. Jetco asserts that Sturmon lacked a reasonable basis for pleading an amount in controversy in excess of $10,000, and that costs of this action should, therefore, be assessed against Sturmon. See 28 U.S.C. § 1332(b).
At the time this action was instituted, however, Sturmon could reasonably have expected to recover commissions arising from the alleged 1979 International Harvester order, as well as the commission payments which are more fully set forth above in paragraph 8. Therefore, the Court concludes that at the time this action was instituted, Sturmon could reasonably have expected to recover more than $10,000. Absent any indicia of Sturmon's bad faith, the Court will assess costs against the defendant. See Stachon v. Hoxie, 190 F.Supp. 185, 186 (W.D.Mich.1960).
5. Judgment will be entered in favor of plaintiff and against defendant in the amount of $8,454.21, plus interest and costs. Defendant's counterclaim will be dismissed with prejudice.