### 62571. LEVINE v. WYATT et al.

CARLEY, Judge.

Plaintiff-appellant was involved in an automobile collision with defendant-appellee Wyatt. Appellant collected from her no-fault carrier $5,000 in basic statutory no-fault benefits under Code Ann. § 56-3403b and an additional $5,000 in optional no-fault benefits under Code Ann. § 56-3404b. Subsequently appellant instituted the instant action to recover for damages sustained in the collision. The issue created by appellant's recovery of no-fault benefits was ostensibly resolved in a pretrial conference in which the parties stipulated "that the Court would write off from any judgment whatever the law would require to be written off [,] without necessity of charging the jury on any of the issues presented by no-fault coverage. Both counsel for [appellant] and counsel for the [appellees] agreed that the no-fault write-off was a legal issue only to be handled by the Court without the intervention of jury." At trial, evidence of appellant's economic damages was introduced but, pursuant to the stipulation that no-fault issues would be resolved by the court after verdict and not by the jury, no no-fault charge was given concerning the nonrecoverability of "economic" damages under Code Ann. § 56-3410b. Indeed, because the parties had stipulated that "the no-fault write-off was a legal issue only," the trial court treated the case as if it were a non-no-fault suit for tort damages and, without objection, charged that economic damages *was* an element of appellant's possible recovery. Without request or objection, the trial court gave no instruction to the jury to apportion any verdict they might return as "economic" or "non-economic" damages. Accordingly, the jury returned a general verdict of $10,451 in behalf of appellant. No objection to the form of this verdict was raised by appellant. The trial court entered judgment in the amount of $5,451 on the verdict, "having subtracted $5,000.00 from the verdict finding that said sum represents the basic no-fault benefits previously paid to [appellant] and that the law requires that same be written off of said verdict. . ." Appellant appeals, asserting in related enumerations of error that the trial court erred in writing off $5,000 from the jury's general verdict.

"Any person eligible for economic loss benefits described in section 56-3403b, subsection (b) is precluded from pleading or recovering in an action for damages against a tort-feasor, those

damages for which compensation is available for economic loss under said section: Provided, however, that nothing contained in this section shall preclude the introduction of any evidence otherwise admissible in a judicial proceeding for the purpose of proving the extent of the injury or injuries sustained by such person." Code Ann. § 56-3410b (b). Under our no-fault law, if a plaintiff "incurs a non-serious injury (see Code Ann. § 56-3402b (j)), then § 56-3410b (a) functions to avoid tort litigation by precluding a tort recovery of noneconomic loss, and § 56-3410b (b) reinforces this function by independently precluding a tort recovery of plaintiff's no-fault economic loss. If said plaintiff incurs a serious injury, then, while § 56-3410b (a) no longer functions to avoid tort litigation, § 56-3410b (b) does so unilaterally by continuing its independent preclusion of the plaintiff's no-fault economic loss. Thus, the legislature has constructed a three-part statutory scheme under which § 56-3410b (b) is intended to perform, . . . both a reinforcing and unilateral avoidance of litigation function by rendering personal injury lawsuits arising out of said owner-operator's use of an automobile in this state less financially rewarding." *Davidson v. Bradford,* 245 Ga. 8, 10-11 (262 SE2d 780) (1980). "The approved way to prevent [a] double payment [of economic damages covered by no-fault] is by consent at pretrial, or in the event of contest, by presenting the facts showing such coverage and payment to the court outside the presence of the jury. [Cit.] If evidence of such [economic] damages is introduced for the purpose of proving the extent of injuries, the court should then charge the jury to exclude consideration of such evidence on the issue of damages. [Cit.]" *McDaniel v. Gysel,* 155 Ga. App. 111, 112 (5) (270 SE2d 469) (1980). The issue presented for review in the instant case is whether the procedure adopted to prevent the double recovery of economic damages covered by no-fault, which did not track the "approved way," resulted in an erroneous write-off from appellant's verdict of the stipulated amount of no-fault benefits she had received under Code Ann. § 56-3404b (b).

First, without considering whether the procedure followed in the instant case is an "approved" one, it should be noted that it is certainly not a preferred one. Under our no-fault statutory scheme the object is litigation avoidance and simplification of triable issues. To this end it is obviously better practice, as *McDaniel* indicates, that all questions which are created by Code Ann. § 56-3410b (b) concerning the permissible scope of a suit from an evidentiary and recovery viewpoint be resolved at the outset or during the course of a trial. If this "approved" procedure is followed, when a verdict is returned in the case there will be no doubt that the plaintiff is presumably entitled to the full award of the jury, i.e., that the award

includes *only* a recovery of such damages as the plaintiff would be entitled to under the evidence and the law. As the instant case demonstrates, when this procedure is not followed, but rather the decision at the outset concerning resolution of the issue created by Code Ann. § 56-3410b (b)'s application in the case is, in effect, to postpone resolution until after the verdict is returned, serious problems can arise. The object of our no-fault statute is clearly *not* to deny a recovery of damages which otherwise do not come within the preclusion of Code Ann. § 56-3410b. Under our no-fault statute an injured plaintiff is still entitled to recover both non-economic damages if his injury is "serious" and economic damages to the extent they exceed basic no-fault benefits available therefor. Obviously, when the decision is made to try the case as if it were a non-no-fault tort action with an eventual write-off from the verdict returned, of economic damages awarded but not recoverable under Code Ann. § 56-3410b (b), it is better practice to insure that the verdict that will be returned is in a form which will facilitate the write-off. Cf. *McDaniel,* 155 Ga. App. 111, supra. In other words, it is better practice to insure that the court and the parties will be aware of what the jury awarded to the plaintiff as "economic" damages. If this is not done, as it was not in the instant case, a question arises as to what portion of the verdict in fact represents recoverable damages and what portion represents a "precluded" recovery of economic damages under Code Ann. § 56-3410b (b) which must be written off. Unless the jury returns an allocated verdict it would be impossible to tell what portion of the verdict represents its award to the plaintiff of economic damages and, thus, whether the write-off in whatever amount would invade the jury's award of recoverable damages. To reiterate, the object of Code Ann. § 56-3410b (b) is to prevent the double recovery of economic damages but only to the extent that a recovery by verdict includes "precluded" economic damages. Code Ann. § 56-3410b (b) does not demand a $5,000 write-off unless the verdict includes a recovery of "economic" damages in an amount equalling or exceeding $5,000.

What we must decide is whether, in the instant case, the trial court was authorized to write-off from a general verdict an amount equal to that "available [to the plaintiff] for economic loss" under Code Ann. § 56-3403b (b). Appellant was required to present her case in accordance with the pretrial stipulation. See *State Highway Dept. v. Alexander,* 222 Ga. 354 (149 SE2d 788) (1966); *Interstate N. Associates v. Hensley-Schmidt, Inc.,* 138 Ga. App. 487, 488 (1) (226 SE2d 315) (1976). Thus, having stipulated, in effect, that the case would be tried as a non-no-fault tort action, appellant was bound to present evidence of all her "recoverable" damages resulting from the

collision, whether economic or non-economic. Compare *King v. Parson,* 149 Ga. App. 28, 29 (2) (253 SE2d 426) (1979). Although aware that she would have to submit evidence of all her damages and on notice that the trial court would write-off, as a matter of law, from the verdict an amount equal to that she would be "precluded" from recovering under Code Ann. § 56-3410b (b), appellant made no request that the jury be charged to return an allocated verdict and did not object to the failure of the trial court to so instruct. Appellant cannot therefore urge on appeal that the charge was deficient in this respect. Code Ann. § 70-207 (a). Nor did appellant object to the form of the verdict when it was returned, thereby waiving any objection to its failure to make an allocation of damages. See *West Ga. Pulpwood &c. Co. v. Stephens,* 128 Ga. App. 864 (198 SE2d 420) (1973). Thus, the trial court was confronted with a general tort verdict which presumably included a recovery of economic damages, Code Ann. § 56-3410b (b) which precludes such an economic recovery to the extent minimum no-fault compensation was available to appellant, and appellant's stipulation that she had received $5,000 in basic no-fault benefits and "whatever the law would require to be written-off" should be written off from her verdict. The law would require that $5,000 in non-recoverable economic damages be written-off if the verdict represented an award of such damages in at least that amount. See *City Council of Augusta v. Lee,* 153 Ga. App. 94, 98 (2) (264 SE2d 683) (1980). Appellant having acquiesced in the return of a general verdict which presumably under the evidence and the charge included an award of all her economic damages and having stipulated that she had received $5,000 in no-fault compensation pursuant to Code Ann. § 56-3403b (b), the trial court was authorized to conclude that appellant had voluntarily agreed to a write-off in that amount. Cf. *City Council of Augusta,* 153 Ga. App. 94, supra; *Bagwell v. Sportsman Camping Centers,* 144 Ga. App. 486, 487 (2) (241 SE2d 602) (1978). Therefore, without endorsing the write-off procedure used in the instant case, we are unable to hold that it was erroneously applied to the ultimate harm of appellant.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED DECEMBER 4, 1981.

*Hirsch Friedman, Daniel P. Woodard III,* for appellant.
*Terrance C. Sullivan,* for appellees.