George STURMON, d/b/a Sturmon & Associates, Plaintiff-Appellee,

v.

JETCO, INC., Defendant-Appellant.

No. 81–1349.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1981.

Decided Feb. 10, 1982.

Frank A. Conard, St. Charles, Mo., for plaintiff-appellee George Sturmon, d/b/a Sturmon & Associates.

Husch, Eppenberger, Donohue, Elson & Cornfeld, by Charles E. Merrill (argued), St. Louis, Mo., for defendant-appellant Jetco, Inc.

Before HENLEY and ARNOLD, Circuit Judges, and NICHOL,* Senior District Judge.

NICHOL, Senior District Judge.

Plaintiff George Sturmon, d/b/a Sturmon & Associates (Sturmon) brought this action against defendant Jetco, Inc. (Jetco) alleging that Sturmon is entitled to $23,-454.21 in commissions pursuant to a written standard manufacturers representative contract. The cause was tried before the court sitting without a jury, the Honorable William L. Hungate, district judge, presiding. Jetco appeals from the district court judgment that awarded Sturmon the sum of $8,454.21, plus interest and costs. For reasons set out more fully herein we affirm the judgment of the district court, 510 F.Supp. 578, as modified.

Sturmon is an individual doing business as a sole proprietorship with its principal place of business in St. Charles County, Missouri. Sturmon employed a number of independent contractors to carry on his business as a sales representative. Jetco is an Arizona corporation with its principal place of business in Phoenix, Arizona. Beginning in 1976 Sturmon undertook representation of Jetco in a limited area of the central United States. The parties executed a standard manufacturers-representative contract in March of 1979. Pursuant to the agreement, Sturmon was to provide sales representation in an exclusive sixteen state area. The agreement provided that Sturmon should spend approximately one-sixth of its sales efforts representing Jetco products. The contract also provided that "Sturmon & Associates will make fleet calls, jobber calls, W.D. calls and OEM calls, as needed to best develop demand for Jetco products." Call reports were to be filed to reflect the sales efforts made by Sturmon on Jetco's behalf.

---

* Fred J. Nichol, Senior District Judge, District of   South Dakota, sitting by designation.

Sturmon's primary role was to introduce Jetco products to potential customers. The customers could then place orders either through Sturmon or directly to Jetco. Sturmon was to receive commissions on all orders received by Jetco from Sturmon's exclusive area whether or not a Sturmon representative contacted the customer making the order. Jetco provided Sturmon with monthly commission statements reflecting the commissions earned within Sturmon's exclusive territory. With regard to commissions the standard manufacturers-representative contract provided:

> Sturmon & Associates will be paid commissions on all orders from his territory accepted by Jetco prior to effective termination date, even though such orders may be shipped after effective termination date. Commissions on such shipments will be paid promptly after Jetco receives payment for such shipment.

Jetco notified Sturmon of termination on the contract on July 6, 1979. The effective termination date of the contract was August 6, 1979.

The trial court found that, at the time of contract termination, Jetco was in arrears in commission payments to Sturmon in the amount of $4,455.17. The trial court further found that $1,696.44 was owed to Sturmon by Jetco for commissions earned, as reflected in the July, 1979, statement, and that an additional $302.60 was owed to Sturmon by Jetco for commissions earned, as reflected in the August, 1979, commissions statement prepared by Jetco. Finally, the trial court found that an additional $2,000.00 was owed to Sturmon by Jetco arising from orders placed by J. I. Case, which were accepted by Jetco prior to the effective termination date of the contract.

On appeal Jetco asserts that there is not substantial evidence to support the trial court's finding of fact that J. I. Case placed an order with Jetco which would give rise to the $2,000.00 commissions under the terms of the contract, and that the record does not contain evidence of substantial performance of the contract by Sturmon.

"Unless we determine that these findings by the district court are clearly erroneous, we are bound to uphold its decision. And a finding of fact is only deemed clearly erroneous if it is not supported by substantial evidence, if it proceeds from an erroneous conception of the applicable law, or if on a consideration of the entire record the appellate court is left with the definite and firm conviction that a mistake has been made." *Southern Illinois Stone Co. v. Universal Engineering*, 592 F.2d 446, 451 (8th Cir. 1979), citing Fed.R.Civ.P. 52(a); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969); *School District No. 54 v. Celotex Corp.*, 556 F.2d 883 (8th Cir. 1977).

■ We have diligently searched the entire record before us in this case, including the trial transcript and the exhibits offered as evidence at trial. In our search we have been unable to uncover any evidence that would support the trial court finding of fact that J. I. Case placed an order with Jetco during the time in question which would entitle Sturmon to a $2,000.00 commission. Accordingly, we hold that the trial court's finding of fact that "an additional $2,000.00 is owed to Sturmon by Jetco arising from orders placed to (sic) J. I. Case, which were accepted by Jetco prior to the effective termination date of the contract" is clearly erroneous.

Jetco also challenges the district court's conclusion of law that "Sturmon substantially performed all its material obligations under the manufacturers-representative contract which was in effect between the parties between March 3, 1979, and August 6, 1979." The trial court's conclusion of substantial performance must be read in conjunction with the authority cited for that proposition: "(i)t is, of course, true that where one sues on a contract he must generally prove his own performance under the contract. (citations omitted) However, that rule would only be invoked where the failure to comply would in some way work to the disadvantage of the other party to the contract." *Boehm v. Kindle*, 395 S.W.2d 284, 287 (Mo.App.1965).

The only provision of the manufacturers-representative contract that might be susceptible to a challenge of insubstantial performance is the requirement that Sturmon make "call reports." The district court found, however, that breach of the call report provision was not a material breach of the contract in the following conclusion of law: "(t)he court further finds that the terms of the contract and the conduct of the parties indicate that the fundamental purpose of the contract was to provide sales representation to Jetco. Therefore, Sturmon's failure to file call reports was not a material breach of the contract." Our reading of the trial court's memorandum decision indicates that the trial court found that failure to make call reports as required by the agreement did not work to the disadvantage of Jetco and therefore was not a material breach of the contract.

Having considered the entire record made in the district court, plus the appellate briefs and the argument of counsel, we are not persuaded that such a conclusion of law is erroneous. As the trial court found, the main purpose of the contract was to provide Jetco with sales representation. The contract itself provided that such calls were to be made "as needed to best develop demand for Jetco products." The evidence adduced at trial indicates that during the first six months of 1979, approximately sixteen percent of the gross sales made in the Sturmon area by companies represented by Sturmon were sales of Jetco products. That is some evidence that Sturmon was providing Jetco with some sales representation. When Jetco and Sturmon first entered a business relationship in 1976, Jetco had some customers in what became Sturmon's exclusive territory. Testimony presented at trial indicated that Sturmon added a substantial number of new clients to those already doing business with Jetco.

Taken as a whole, we find that the trial court's conclusion of law does not proceed from an erroneous conception of applicable law and is supported by substantial evidence. After consideration of the entire record in this case we are not left with a definite and firm conviction that a mistake has been made. Accordingly, we affirm the judgment of the district court as modified by a $2,000.00 reduction in that court's damage award, plus interest from the date of the trial court judgment.