**Rayburn C. HILL, Plaintiff-Appellant,**

v.

**William Howard NELSON and Structural Systems, Inc., Defendants-Appellees.**

No. 81–7607
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 24, 1982.

W. Jason Uchitel, Decatur, Ga., for plaintiff-appellant.

Powell, Goldstein, Frazer & Murphy, James C. Rawls, Atlanta, Ga., for defendants-appellees.

Before GODBOLD, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.

PER CURIAM:

In January 1978, plaintiff Rayburn Hill was injured when his automobile collided with a truck driven by defendant William Nelson.[1] Plaintiff filed this diversity action seeking to recover damages. The jury returned a verdict in plaintiff's favor and awarded him $8,533. Pursuant to a stipulation, the district court reduced the judgment by $5,000. Plaintiff appeals, contending that (1) the trial judge erred in reducing the judgment, (2) the trial judge erred in refusing to admit certain evidence, and (3) the judgment was insufficient as a matter of law. Finding no merit in these contentions, we affirm.

In this diversity case arising from an accident occurring in Georgia, we are bound by the substantive law of that state. *Erie R. R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Mitchell v. Young Refining Corp.*, 517 F.2d 1036, 1037 (5th Cir. 1975). Georgia has adopted a form of no-fault automobile insurance. Ga.Code § 56–3401b, *et seq.* All owners of motor vehicles registered in Georgia must carry insurance that provides for the payment of at least $5,000 for economic loss resulting from an accident, independent of fault. Ga. Code § 56–3403b(b). Economic loss includes medical expenses and lost wages.[2] Ga.Code §§ 56–3402b(k) & 3403b(b). Once an insured party receives compensation for economic loss, he is precluded from recovering those amounts in any suit for damages. Ga.Code § 56–3410b(b).[3]

In the instant case, plaintiff stipulated that he had received $5,000 as compensation for economic loss caused by the automobile accident.[4] Thus, under Georgia law, plain-

1. The truck driven by defendant Nelson was owned by co-defendant Structural Systems, Inc.

2. Economic losses include necessary medical expenses, loss of income or earnings, expenses for "ordinary and necessary" services during a period of disability, and funeral services and burial costs. Ga.Code § 56–3403b(b).

3. An injured party may, however, recover damages for economic losses that exceed the amount paid by the insurance carrier. Ga.

Code § 56–3410b(b). Further, in the event of a serious injury, a plaintiff may obtain noneconomic losses. Ga.Code § 56–3410b(a). Noneconomic losses include pain, suffering, inconvenience and other nonpecuniary damages recoverable under tort law. Ga.Code § 56–3402b(*l*).

4. The stipulation stated:
[The parties] stipulate that the sum of $5,000 was paid to the plaintiff Rayburn C. Hill as personal injury protection pursuant to Georgia's no-fault insurance laws, and that this

tiff could not recover those economic losses in his suit for damages. Nonetheless, plaintiff introduced evidence of his nonrecoverable economic loss at trial, apparently in an effort to establish the extent of his injuries.[5] The trial judge failed to instruct the jury to disregard the evidence in computing damages.[6] Instead, the trial judge reduced plaintiff's judgment by the stipulated amount of nonrecoverable economic loss— $5,000. Plaintiff contends that the reduction in the judgment was error.

We find a recent Georgia case dispositive of the issue. In *Levine v. Wyatt*, 160 Ga.App. 632, 634, 287 S.E.2d 649 (1981), the identical issue arose. Plaintiff in *Levine* contended that the trial judge impermissibly reduced his judgment by the stipulated amount of nonrecoverable economic loss. The state appellate court noted that the practice was not "preferred."[7] Nonetheless, the court held that, where the trial judge failed to instruct the jury to disregard the evidence in computing damages and where the plaintiff stipulated the amount of nonrecoverable economic loss, the reduction in the judgment was not re-

versible error. Finding no material distinction between *Levine* and the instant case, we conclude that the district court did not err in reducing plaintiff's judgment.[8]

Plaintiff next complains that the district court improperly excluded certain documentary evidence at trial. Plaintiff sought to introduce a mortality table to assist the jury in determining damages. He also attempted to introduce two insurance applications that contained references to the injuries incurred in the automobile collision. In both instances, the district court sustained defendants' objections to the evidence and ruled the documents inadmissible.

Trial judges are accorded broad discretion in determining the admissibility of evidence and will only be reversed if the discretion has been abused. *Scheib v. Williams-McWilliams Co.*, 628 F.2d 509, 511 (5th Cir. 1980). We cannot say that the district court abused its discretion by excluding the mortality table and the insurance applications. Plaintiff presented an insubstantial amount of evidence indicating that his injuries were permanent.[9] Absent

---

sum will be deducted from any verdict which may be recovered by the plaintiff at trial before judgment is entered for plaintiff.

5. Ga.Code § 56–3410b(b) specifically authorizes the admission of evidence relating to nonrecoverable economic loss "for the purpose of proving the extent of the injury or injuries sustained" by the injured party.

6. We note that plaintiff never requested such a charge. Nor did the plaintiff request that the jury return separate awards for economic and noneconomic losses.

7. The preferred practice is to prevent evidence of nonrecoverable economic loss from reaching the jury. *See Powell v. Manning*, 242 Ga. 778, 251 S.E.2d 522, 523 (1979); *McDaniel v. Gysel*, 155 Ga.App. 111, 270 S.E.2d 469, 471 (1980). In the event that the parties present evidence of nonrecoverable economic loss to the jury, trial judges are normally required to instruct the jury to disregard the evidence in determining damages. *Id.*; *see also Walls v. Parker*, 146 Ga.App. 882, 247 S.E.2d 556, 557 (1978).

8. Plaintiff seeks to distinguish *Levine v. Wyatt*, *supra*, by noting that the stipulation in the instant case was filed after entry of the judgment. We do not find the distinction significant. The court in *Levine* was concerned with the contents of the stipulation, not the time at

which the parties filed the document. Moreover, the stipulation in the instant case clearly states that the parties agree to reduce any judgment by $5,000. Courts will normally enforce a stipulation unless enforcement would cause a manifest injustice. *Logan Lumber Co. v. Comm.*, 365 F.2d 846, 855 (5th Cir. 1966); *Marshall v. Emersons Ltd.*, 593 F.2d 565, 568–69 (4th Cir. 1979).

9. No witness testified that plaintiff suffered permanent back injuries. The only evidence of permanency came from speculative-type statements by Dr. Wood. Dr. Wood admitted, however, that X-rays, a myelogram and laboratory tests failed to reveal any abnormality in plaintiff's back. He further acknowledged that plaintiff may have feigned the seriousness of his back injury. Finally, Dr. Wood stated that plaintiff's prognosis was good. Thus the testimony of Dr. Wood would not support an inference that plaintiff's condition was permanent.

We note that plaintiff's trial counsel agreed that the evidence did not support a finding of permanency. The trial judge asked counsel if there was "any testimony in the record to the effect that it [was] more likely than not that [plaintiff's] injuries [would] be permanent." Counsel responded in the negative.

such evidence, the mortality tables had no relevancy to the case. As to the insurance applications, plaintiff attempted to introduce the documents in order to rebut charges of "recent fabrication or improper influence or motive." Fed.R.Evid. 801(d)(1)(B). We find no indications in the record that defendants ever charged plaintiff with fabrication or improper motive.[10]

Finally, plaintiff contests the amount of the jury verdict. Plaintiff produced evidence at trial indicating that he incurred $7,265.93 in medical expenses. Moreover, he presented evidence establishing that his lost wages for the period between the accident and the date of trial amounted to more than $32,000. Plaintiff also testified that his injuries caused substantial "pain and suffering." In light of this evidence, plaintiff avers that the jury verdict of $8,533 was insufficient as a matter of law.

■■■■ A determination of damages constitutes a substantive issue that turns upon state law. *Budge v. Post*, 643 F.2d 372, 375 (5th Cir. 1981). Under Georgia law, an award of damages by a jury may not be altered unless it is so low as to "justify the inference of gross mistake or undue bias." Ga.Code § 105–2015; *Carter v. Reese*, 150 Ga.App. 494, 258 S.E.2d 165, 166 (1979). Moreover, judgments in cases involving comparative negligence generally will not "be disturbed by an appellate court on the ground of inadequacy." *Maloy v. Dixon*, 127 Ga.App. 151, 193 S.E.2d 19, 29 (1972).

The district court charged the jury on the issue of comparative negligence.[11] Thus the jury may well have reduced the award to reflect plaintiff's negligence. Further, defendants produced evidence indicating that plaintiff was capable of engaging in gainful employment.[12] As a result, the jury could have rejected plaintiff's contention that he was entitled to lost wages for the entire period between the accident and the commencement of trial. We conclude, therefore, that under the facts of this case plaintiff's judgment was not legally insufficient.

For the reasons stated herein, the judgment of the district court is AFFIRMED.

---

10. Plaintiff also asserts that the insurance applications were admissible under Fed.R.Evid. 106. Rule 106 permits the introduction of "related" documents if fairness so requires. We note that plaintiff failed to invoke the rule below. Accordingly, we need not consider the issue on appeal. *Colonial Refrigerated Trans., Inc. v. Mitchell*, 403 F.2d 541, 552 (5th Cir. 1968).

11. Evidence in the record indicated that plaintiff may have been traveling beyond the speed limit shortly before the impact.

12. Plaintiff and his wife owned a carpet store. Plaintiff admitted working at the store on occasion. Further, plaintiff's wife filed an application for a Small Business Administration loan and listed the plaintiff as the supervisor of the business' warehouse, the manager of inventory control, and the director of cutting and loading operations.