**Venesia KINSEY, Plaintiff,**

v.

**Charles WEATHERLY, as Administrator of the Estate of Deborah Ann Taylor, a/k/a Deborah Ann Street, Deceased, and Velma Jackson, Defendants.**

**Civ. A. No. C82–917A.**

United States District Court, N.D. Georgia, Atlanta Division.

Oct. 18, 1983.

Herbert J. Chestnut, Taggart, Mixson, Granoff & Chestnut, Savannah, Ga., for plaintiff.

John F. Davis, Jr., Davis & Ormand, William S. Goodman and Scott E. Tinnon, Savell, Williams, Cox & Angel, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

This personal injury case ended with a $6,000 jury verdict for plaintiff on July 15, 1983. Judgment was not entered at this date. On August 30, 1983, plaintiff filed two requests with this Court: * (1) that the Court enter a judgment in the amount of $4,798.06, and (2) that $1,041.29 in costs be taxed against the defendants. In response, defendants have filed objections to both requests.* For the reasons stated hereinafter plaintiff's requests are GRANTED.

## FACTS

On May 3, 1982, plaintiff filed this action alleging that she had received serious personal injuries in an automobile accident which, she contended, was caused by the negligence of the two defendants. Plaintiff's complaint stated that federal jurisdiction was pursuant to 28 U.S.C. § 1332 in that the parties were diverse and that the amount in controversy exceeded the necessary $10,000.

In fact plaintiff sought damages in the amount of $186,000, far exceeding the necessary minimum. To support this claim for damages plaintiff pleaded the following:

That . . . plaintiff was thrown around the inside of the vehicle . . . seriously injuring her head, back, shoulders, arms, knees, and legs. Specifically, the plaintiff suffered cuts to her head and cervical strain. . . . [T]he plaintiff has experienced migraine headaches in the past and will suffer the same in the future. Further, the plaintiff suffered lacerations and permanent scaring near her left ankle which have been a source of great pain as well as a source of embarrassment and has further exacerbated her physical condition. . .

Plaintiff has been forced to spend large amounts of money for medical care and treatment and she will continue to spend money for medical care and treatment in the future in an attempt to help her pain and suffering . . .

[T]he plaintiff is now limited in doing many of the things she did before she was so seriously and permanently injured and as such she is denied the full enjoyment of life. The pain and embarrassment being experienced by the plaintiff is

---

* This Court admonishes both parties that in the future "requests" should be made in proper motion form and not in a letter to the Court.

also interfering with her full concentration thereby prohibiting the plaintiff from functioning at the level she was able to prior to incurring the severe and debilitating injuries. Further, the stated injuries have had and will continue to have in the future a profound effect on the plaintiff's capacity to labor." (Plaintiff's Complaint, paragraphs number 9, 10 and 11).

Both defendants denied that the amount in controversy exceeded the jurisdictional requirement and contended that this court lacked jurisdiction for this reason. Despite these denials the case continued in federal court and was tried before a jury. The jury returned a verdict for the plaintiff in the amount of $6,000.

Upon receipt of the jury verdict the court indicated that the award would be reduced in accordance with the Georgia No-Fault laws. The parties are now in disagreement as to the proper amount of reduction, this disagreement centering on the amount of lost wage benefits.

Plaintiff's requested amount of judgment is $4,798.06 [$6,000 minus $1,201.94, this reduction for amounts received includes $110.44 for lost wage benefits paid to plaintiff by plaintiff's no-fault carrier, Fireman's Fund]. Defendant contends that the reduction for lost wage benefits should be $881 because this is the amount plaintiff pleaded and proved at trial. There appears to be no controversy between the parties that plaintiff has only *received* $110.44 for lost wages and that Fireman's Fund has denied plaintiff's other claims for lost wages.

In addition to requesting that the court enter a judgment for $4,798.06 plaintiff has requested that costs of $1,041.29 be taxed to defendants. Defendants now ask this court to deny plaintiff's bill of costs and to instead assess costs against the plaintiff.

Further facts will be disclosed as necessary for the discussion of this motion.

## DISCUSSION

### 1) Amount of Judgment

■ According to the defendants, plaintiff's no-fault carrier, Fireman's Fund, provides $2,500 in wage loss coverage. Defendants argue that as the amount plaintiff pleaded and proved, $881, is less than the $2,500, plaintiff is estopped from alleging a setoff less than $881. Plaintiff, on the other hand, argues that because the total amount paid under the no-fault coverage was $110.44, that this and only this amount should be included in the set-off. It appears that plaintiff did submit, and resubmit, the entire $881 to Fireman's Fund and that the insurer denied all but $110.44 of the claims.

In support of their argument defendants cite O.C.G.A. § 33–34–9(b) which provides, in pertinent part, as follows: "(a)ny person eligible for economic loss benefits ... is precluded from pleading or recovering in an action for damages against a tortfeasor those damages for which compensation is available for economic loss...."

In settling. the dispute between the parties this court must determine what is meant by the word "available," as used in O.C.G.A. § 33–34–9. Defendants would have this court hold that any amount which plaintiff pleads and proves that does not exceed the maximum coverage is "available," regardless of how much plaintiff actually recovers from the no-fault carrier. Defendant has cited no cases in support of this novel argument. This court on its own review can find no such cases.

Defendants' argument disregards the fact that the object of O.C.G.A. § 33–34–9 is not to totally deny recovery but is instead to prevent double recovery. *Levine v. Wyatt*, 160 Ga.App. 632, 287 S.E.2d 649 (1981). It can hardly be contended that plaintiff in the instant case stands to make a double recovery. At best it can only be contended that plaintiff may recover from the defendant and not the no-fault carrier. This is hardly inequitable, the jury awarded $6,000 and this court has no way of knowing how the jury allocated these damages. It is conceivable that the jury did not believe plaintiff's proof on these damages and did not award any amount for lost wages. If

this is the case defendants are actually benefiting from the $110.44 set-off.

This court believes that the set-off should only be for the amount received from the no-fault carrier. For this reason plaintiff's request for a judgment in the amount of $4,798.06 is GRANTED.

*2) Bill of Costs*

 Rule 54(d) of the Federal Rules of Civil Procedure provides for the prevailing party to recover costs as a matter of course, unless the court otherwise directs. Defendants in the instant case believe that plaintiff, although the prevailing party, should not recover costs because the jury award of $6,000.00 is less than the jurisdictional minimum of $10,000.00. Defendants rely on 28 U.S.C. § 1332(b) which provides, in pertinent part, as follows:

> ... Where the plaintiff is finally adjudged to be entitled to recover less than the sum or value of $10,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interests and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

In accord with the majority of courts which have addressed this issue, this court concludes that § 1332(b) is to be applied only in cases where it appears obvious that the plaintiff has acted in bad faith in claiming over $10,000 in order to bring the action in Federal Court. *Sturmon v. Jetco, Inc.,* 510 F.Supp. 578 (E.D.Miss.1981); *Stachon v. Hoxie,* 190 F.Supp. 185 (W.D.Mich. 1960); *Bochenek v. Germann,* 191 F.Supp. 104 (E.D.Mich.1960).

The legislative history of this statute states that "in deciding whether to deny costs and/or impose costs on the plaintiff, the court will undoubtedly take into consideration whether the amount claimed was made in good faith or whether it was made simply to get into Federal Court." 1958 U.S.Code Cong. & Ad.News, 3099, 3103. The overall purpose of this statute seems to be to limit the number of suits which will be begun in Federal Court. We refuse to interpret this statute "as a whip to be used vindictively upon those who fail to recover the jurisdictional amount." *Stachon,* 190 F.Supp. at 186.

Although $186,000 may have been higher than plaintiff could expect to recover, this court finds no evidence that plaintiff was in bad faith in believing that she could recover more than $10,000. For this reason plaintiff's request is GRANTED and it is ordered that costs in the amount of $1,041.29 be taxed to defendants.

In summary this court:

1) GRANTS plaintiff's request for entry of a verdict in the amount of $4,798.06; and

2) GRANTS plaintiff's requests for costs of $1,041.29 to be taxed to defendants.

SO ORDERED this 18 day of October, 1983.