## A90A0384. BONDS v. BURCH.
(395 SE2d 379)

CARLEY, Chief Judge.

After appellant-plaintiff was injured in an automobile collision, he received $2,500 in no-fault benefits. He then brought this tort action against appellee-defendant, seeking to recover for the injuries that he had allegedly sustained in the collision. The case was tried before a jury. The collision having occurred after July 1, 1987, evidence of appellant's receipt of payments from collateral sources, including his receipt of no-fault benefits, was admitted and the jury was instructed that, in its discretion, it would be authorized to consider this evidence. The verdict was returned on a special verdict form which required the jury to allocate as between the various elements of economic and non-economic damages being sought by appellant and which further required the jury to indicate whether any economic damages awarded had been reduced because of appellant's receipt of payments from collateral sources. With regard to appellant's economic damages, the jury awarded him $4,147.75 for his medical expenses and $4,500 for his loss of earnings and further indicated that, in the exercise of its discretion, neither award had been reduced by payments from collateral sources. The trial court wrote off from the jury's verdict the $2,500 in no-fault benefits and then entered judgment in favor of appellant for the balance. Appellant appeals from this judgment, enumerating as error only the trial court's write-off of $2,500 in no-fault benefits.

Under OCGA § 33-34-9 (b), an injured party is precluded from recovering his economic damages to the extent that he is eligible to receive no-fault benefits for those damages. Under OCGA § 51-12-1 (b) the trior of fact is authorized, but not required, to reduce an award of damages by the amount of payments received by an injured party from collateral sources. Appellant urges that OCGA § 51-12-1 (b) is inconsistent with OCGA § 33-34-9 (b) and that the former provision has repealed the latter provision by implication. The specific contention is that, pretermitting OCGA § 33-34-9 (b), an injured party is not precluded from recovering his economic damages unless and until the trior of fact elects under OCGA § 51-12-1 (b) to reduce an award by the amount of no-fault benefits received for those economic damages. Since the jury's verdict in the instant case indicates that it did not elect to reduce its award of economic damages pursuant to OCGA § 51-12-1 (b), appellant contends that the trial court had no authority to reduce the jury's award pursuant to OCGA § 33-34-9 (b).

Contrary to appellant's contentions, OCGA § 33-34-9 (b) and OCGA § 51-12-1 (b) are not inconsistent. OCGA § 33-34-9 (b) precludes the recovery of certain specific damages. Since those damages are not recoverable in a civil action, they are not otherwise subject to the mandate of OCGA § 51-12-1 (b). The trior of fact has no *discretion* as to whether an award of damages will be reduced based upon the plaintiff's receipt of no-fault benefits for economic damages because the plaintiff is *precluded* from recovering those damages.

Accordingly, evidence of appellant's receipt of no-fault benefits was *not* admissible as evidence of his receipt of payment from a collateral source and, if the instant case had been tried according to the "approved" procedure for trying a no-fault tort action, the issue of appellant's recovery for economic damages covered by no-fault would *never* have been submitted to the jury. "The approved way to prevent [a] double payment [of economic damages covered by no-fault] is by consent at pretrial, or in the event of contest, by presenting the facts showing such coverage and payment to the court outside the presence of the jury. [Cit.] If evidence of such [economic] damages is introduced for the purpose of proving the extent of injuries, the court should then charge the jury to exclude consideration of such evidence on the issue of damages. [Cit.]" *McDaniel v. Gysel*, 155 Ga. App. 111, 112 (5) (270 SE2d 469) (1980). "If this 'approved' procedure is followed, when a verdict is returned in the case there will be no doubt that the plaintiff is presumably entitled to the full award of the jury, i.e., that the award includes *only* a recovery of such damages as the plaintiff would be entitled to under the evidence and the law." (Emphasis in original.) *Levine v. Wyatt*, 160 Ga. App. 632, 633-634 (287 SE2d 649) (1981).

Rather than following this "approved" procedure, the decision apparently was made to try the instant case as if it were a non-no-fault tort action with an eventual write-off from the verdict of economic damages awarded by the jury, but not otherwise recoverable under OCGA § 33-34-9 (b). "Obviously, when [such a] decision is made . . ., it is better practice to insure that the verdict that will be returned is in a form which will facilitate the write-off. [Cit.]" *Levine v. Wyatt*, supra at 634. The verdict form that was employed in the instant case would facilitate such a write-off, at least insofar as it required the jury to specify the amount of economic damages it had awarded and the extent to which it had already reduced that award by virtue of appellant's receipt of payment from collateral sources. The verdict form would not, however, facilitate a write-off of no-fault benefits insofar as it did not require the jury to specify the *source* of its reduction of an award of economic damages. Without some indication as to whether the jury's reduction of an award of economic damages was or was not based upon the receipt of *no-fault benefits*, the trial court could not know whether a post-verdict write-off would be warranted. The question would remain whether the jury's reduction was based upon the receipt of no-fault benefits, in which case no further write-off would be authorized, or was based upon the receipt of payment from some other collateral source, in which case no-fault benefits should be written off by the trial court. However, since it is clear that the jury in the instant case awarded appellant economic damages unreduced by receipt of payment from *any* collateral source whatsoever, the issue of whether a further write-off by the trial court would constitute a double reduction of non-recoverable economic damages does not arise. The jury made an *unreduced* award of *all* of appellant's economic damages and it follows that the trial court correctly wrote off $2,500 as the amount of appellant's economic damages which were non-recoverable under OCGA § 33-34-9 (b).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 25, 1990.

*William W. Keith III*, for appellant.
*James H. Phillips*, for appellee.